456 F.2d 1245
 UNITED STATES of America ex rel. Victor E. TAYLOR, H-5883
v.
Alfred T. RUNDLE, Supt., State Correctional Institution,
Graterford T. Michael Mather, Assistant District Attorney,
as representative of the Office of the District Attorney of
Philadelphia, designated as respondent, Appellant.
 No. 71-1055.
 United States Court of Appeals,
Third Circuit.
 Submitted Dec. 14, 1971.
Decided Feb. 16, 1972.
 
 James D. Crawford, Deputy Dist. Atty. for Law, Philadelphia, Pa. (T. Michael Mather, Asst. Dist. Atty., Milton M. Stein, Asst. Dist. Atty., Chief, Appeals Div., Richard A. Sprague, First Asst. Dist. Atty., Arlen Specter, Dist. Atty., Philadelphia, Pa., on brief), for appellant.
 Donald A. Giannella, Villanova, Pa., for appellee.
 Before VAN DUSEN and HUNTER, Circuit Judges, and LAYTON, Senior District Judge.
 OPINION OF THE COURT
 PER CURIAM:
 
 
 1
 Defendant (Appellee) pled guilty in a State Trial Court of Pennsylvania to charges of aggravated robbery and related offenses. He was sentenced to prison.
 
 
 2
 He pursued his post conviction remedies through the State Court system upon the grounds that he had been deprived of the effective assistance of counsel and that he had been unlawfully induced to plead guilty.[1] Having exhausted his State Court remedies, he filed a petition for a writ of habeas corpus in the United States District Court for the Eastern District of Pennsylvania. The Court below granted the writ and the United States has appealed.
 
 
 3
 The facts underlying defendant's contention that he was denied the effective assistance of counsel are these: prior to trial defendant stated to the Voluntary Defender that he wanted to retain private counsel and, accordingly, the Voluntary Defender Association did not feel it necessary to prepare a defense. On the morning set for trial, defendant was present, unprepared for trial and without counsel. He reiterated to a representative of the Defender Association his desire for private counsel and stated he had two witnesses he wished to testify for him. Finding the defendant unprepared, the trial judge appointed the Voluntary Defender to assign an attorney to represent him. A motion by such assigned counsel for a continuance in order to prepare for trial was denied and the trial set for that afternoon. During the 1 1/2 hour interval between then and trial, the record indicates that unsuccessful attempts were made to locate the witnesses in question. The testimony of one of these witnesses, both allegedly present at the scene, may have materially aided defendant in presenting a defense of mistaken identity.
 
 
 4
 It seems probable that defendant had a very short time to confer with his court-appointed counsel and to secure witnesses before trial. When the trial judge directed the case to proceed that afternoon, defendant, having no witnesses, pled guilty on the strength of the promise by the District Attorney to recommend a sentence of from one to ten years. The trial judge did not accept this recommendation and, instead, sentenced defendant to from 5 to 10 years in prison.
 
 
 5
 While we can understand the natural annoyance of the trial judge with the defendant's irresponsible behavior in not being prepared, we, nevertheless, agree with Judge Masterson's considered opinion that, under all the circumstances of the case, defendant was deprived of the effective assistance of counsel.[2]
 
 
 6
 The Court below is affirmed.
 
 
 
 [1]
 In view of the result here reached, this latter defense need not be considered
 
 
 [2]
 "Applying Moore [Moore v. United States, 432 F.2d 730 (3rd Cir. 1970)] to the case at Bar, we find that relator has borne his burden of proving inadequate assistance of counsel. The Defender was not appointed until the day of trial, which in itself raises a strong inference of prejudice. Further, relator has shown considerable actual prejudice from the late appointment. Particularly noteworthy in this regard is counsel's inability to attempt to locate and interview witnesses relator told him could establish a defense of mistaken identity. Under all the facts of this case we must conclude that relator was deprived of effective assistance of counsel."
 "Cf. Santobello v. New York, [404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427] 40 U.S.L.W. 4076 (Dec. 20, 1971); A.B.A. Project on Minimum Standards For Criminal Justice, Pleas of Guilty, Part III, Plea Discussion and Plea Arrangements (Approved Draft, 1968)."