Barrington B. BELL, Petitioner-Appellee,

v.

STATE OF GEORGIA, Joseph S. Hopper, Warden, Georgia State Prison, Reidsville, Georgia, Respondents-Appellants.

No. 76–3165.

United States Court of Appeals, Fifth Circuit.

July 1, 1977.

Arthur K. Bolton, Atty. Gen., Richard L. Chambers, Deputy Atty. Gen., John W. Dunsmore, Jr., John C. Walden, Sr., Asst. Attys. Gen., Robert S. Stubbs, II, Chief Deputy Atty. Gen., Atlanta, Ga., for respondents-appellants.

Robert H. Stroup, Atlanta, Ga. (Court-appointed), for petitioner-appellee.

Before WISDOM, SIMPSON and TJOFLAT, Circuit Judges.

PER CURIAM.

The petitioner was convicted in Georgia state court of armed robbery for which he received a sentence of nine years imprisonment. After exhausting state remedies, he applied for federal habeas corpus relief in the United States District Court, pursuant to 28 U...C. § 2254. Following an evidentiary hearing, the district court held that the conviction was constitutionally infirm on the basis of denial of effective assistance of court-appointed counsel at trial.

Petitioner's sole defense at trial was that he was not in the state on the day of the robbery. He furnished his attorney with the names and partial addresses of potential alibi witnesses, all residents of Washington, D. C. Though these witnesses were critical, counsel neither made any effort to contact them nor otherwise undertook any independent investigation of his client's sole possible defense. See Gomez v. Beto, 462 F.2d 596 (5th Cir. 1972); Caraway v. Beto, 421 F.2d 636 (5th Cir. 1970).

At the evidentiary hearing, the attorney testified that the accused had "agreed" to obtain his witnesses himself, since at the time of the trial the state trial court lacked jurisdiction to compel the appearance of nonresident witnesses. When the witnesses failed to appear on the date of trial, the attorney obtained a two-day postponement of the trial but still continued to rely upon petitioner, who was incarcerated at all times during the proceedings, to produce the witnesses. When petitioner again failed to produce the witnesses, counsel renewed his motion for continuance which was denied. Counsel had made no showing below that, through the exercise of due diligence, favorable witnesses would be available and willing to testify. See United States v. Miller, 513 F.2d 791, 793 (5th Cir. 1975). Counsel's inability to make this showing because he had not communicated with the witnesses reveals that he did not render reasonably effective assistance of counsel to the petitioner. MacKenna v. Ellis, 280 F.2d 592 (5th Cir. 1960), cert. denied, 368 U.S. 877, 82 S.Ct. 121, 7 L.Ed.2d 78 (1961).

The district court was correct in finding a denial of effective counsel and its issuance of the writ of habeas corpus is AFFIRMED.