George Edward WILSON,
Petitioner-Appellant,

v.

Henry E. COWAN, Superintendent,
Respondent-Appellee.

No. 77–3369.

United States Court of Appeals,
Sixth Circuit.

Decided June 30, 1978.

Argued Dec. 12, 1977.

Alton D. Priddy, Hardy, Logan & Hastings, Louisville, Ky., George Edward Wilson, Eddyville, Ky., for petitioner-appellant.

Robert F. Stephens, Atty. Gen. of Kentucky, James M. Ringo, Asst. Atty. Gen., Frankfort, Ky., for respondent-appellee.

Before EDWARDS, LIVELY and KEITH, Circuit Judges.

EDWARDS, Circuit Judge.

Petitioner-appellant George Edward Wilson appeals from the denial of his petition for writ of habeas corpus by a District Judge in the United States District Court for the Western District of Kentucky. Af-

ter a remand by this court, the District Judge conducted a hearing and entered findings of fact and conclusions of law and again denied the writ. Since the record now before us shows that appellant was denied effective assistance of counsel, we reverse and remand for entry of a writ of habeas corpus unless Kentucky retries appellant within a reasonable period of time.

The District Judge's findings of fact which we accept as not clearly erroneous include the following:

This habeas corpus proceeding is before the Court as the result of a petition for writ of habeas corpus filed by petitioner, George Edward Wilson, an inmate at the Kentucky State Penitentiary, Eddyville, Kentucky. Petitioner is currently serving a sentence of ten (10) years pursuant to a judgment of the Jefferson Circuit Court, entered on February 15, 1974, after a jury found him guilty of armed robbery.

The District Judge then noted that appellant had pursued postconviction remedies in the Kentucky state courts so as to exhaust his state remedies. The District Judge's findings continue:

On the morning of November 13, 1972, Robert H. Wilson [1] and Allen E. Benton, employees of the Roses Department Store, Algonquin Shopping Center, Louisville, Kentucky, were returning from the Algonquin Branch of the First National Bank with four bank deposit bags containing about $8,500. As they were approaching the front door of the department store, two black males approached and stopped them.

One of the men stuck a gun into Robert H. Wilson's stomach and made him surrender his bags of money. Robert H. Wilson testified that the course of the robbery took five to ten minutes and he was consciously being aware of what the robbers looked like. [At trial Robert H. Wilson positively identified the petitioner as the man who put the gun in his stomach and robbed him of the deposit bags of money.]

Subsequent to the armed robbery, the victims viewed hundreds of mug shots and picked out look-alikes but were unable to make positive identifications. On November 27, 1972, Robert H. Wilson viewed a lineup consisting of four persons, which included the petitioner. Wilson told police officers that he thought the petitioner was one of the armed robbers but that he could not make a positive identification. Approximately a month after the first lineup, Benton viewed a photograph of a lineup and told police that one of the subjects, petitioner, looked like one of the armed robbers. At a second lineup, petitioner was positively identified by both victims of the armed robbery. At trial, both victims positively identified petitioner in court as one of the persons who had robbed them at gun point.

We accept these findings of fact as being supported by the record of the state court trial and the federal habeas hearing and as not being clearly erroneous.

The District Judge then summarized appellant's habeas arguments:

This habeas corpus action brought by petitioner is based upon a claim of ineffective assistance of counsel and for his grounds the petitioner claims, to wit:

(1) Trial counsel failed to ask for a suppression hearing concerning the pretrial identification by the two eyewitness victims of the armed robbery.

(2) Trial counsel failed to call alibi witnesses.

(3) Trial counsel failed to move for a bill of particulars.

(4) Trial counsel failed to move for a directed verdict.

(5) Trial counsel failed to put on any direct proof on behalf of petitioner.

■ The District Judge then analyzed each of these issues separately and conclud-

1. It should be noted that appellant is named George Edward Wilson and this victim is named Robert H. Wilson.

ed that no one of them offended the constitutional requirement of effective assistance of counsel. His analysis was based upon the standard of this Circuit, which is that effective assistance of counsel is that which is reasonably likely to render and does in fact render reasonably effective assistance under the particular facts and circumstances of the case. *Beasley v. United States*, 491 F.2d 687, 696 (6th Cir. 1974).

■ In each instance the District Judge found occasion to excuse the inaction of counsel now complained of. We believe, however, that under the facts of this case, counsel's failure to call an alibi witness who was ready and willing to testify, when coupled with arguably less egregious errors, did deprive appellant of effective assistance of counsel.

It is important to recognize the background facts against which these decisions were made.

The entire prosecution case consisted of personal identification of appellant by the two victims. The robbers were unknown to the victims. There was no circumstantial evidence linking appellant to the scene of the crime. Nothing taken in the robbery was recovered from appellant. Appellant never admitted the crime. He claimed that he was not at the scene of the crime and, on the contrary, at the time of the robbery he was at a used car lot negotiating the purchase of an automobile.

Although the victims' identification of appellant at trial as one of the robbers was positive, both had by then repeatedly seen appellant in line-ups or been shown pictures of him. However convinced, and convincing, they were in their identification at trial, we cannot ignore the fact that the identification of strangers in violent crime situations is fraught with the hazard of mistake. *See, e. g., Manson v. Brathwaite*, 432 U.S. 98, 116, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977); *Simmons v. United States*, 390 U.S. 377, 383–84, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968); *Foster v. California*, 394 U.S. 440, 89 S.Ct. 1127, 22 L.Ed.2d 402 (1969). *See also Manson v. Brathwaite, supra*, 432 U.S. at 125–26 & n.8, 131 & n.11, 97 S.Ct. 2243 (Marshall, J., dissenting).

Appellant had only one defense, *i. e.*, that he was not guilty because he was not there. Although his attorney said that appellant originally wanted to testify, he dissuaded him from doing so because a past criminal record would have been developed on cross-examination. This left no defense at all except two potential alibi witnesses. Counsel asserted that one of the two alibi witnesses was only weak support and subsequently indicated that this witness' testimony might have been damaging. The other witness, however, was the car salesman whom appellant claimed to have been negotiating with at the time of the robbery. Counsel could not recall that witness by name or the substance of his proposed testimony. Yet at the habeas hearing, this witness testified under oath that appellant had been at his place of business from before 9 a. m. to near noon on the day of the robbery, which happened at 9:05–9:10 a. m. He also testified that he had told this to appellant's trial counsel (or people from his office) during what he estimated to have been 10–12 telephone conversations, but that he was never asked to appear at the trial or notified of the trial date.

While counsel has no duty knowingly to aid a perjurious defense, there is nothing in the present record to suggest trial counsel had any such knowledge.

We cannot escape the conviction that this record requires us to hold that ineffectiveness of counsel deprived appellant of his only defense. Even more important, we cannot escape the conviction that it also deprived the jury of the opportunity to hear arguably vital evidence which should have been weighed in the balance against the identification testimony. American justice and the Sixth Amendment to the United States Constitution require no less.

This court has previously held that failure on the part of counsel to raise an available alibi defense can constitute ineffective assistance of counsel so as to represent violation of the Sixth Amendment. *Johns v. Perini*, 462 F.2d 1308 (6th Cir.), *cert. denied*,

409 U.S. 1049, 93 S.Ct. 519, 34 L.Ed.2d 501 (1972).

Reversed and remanded to the District Court for issuance of the writ of habeas corpus unless Kentucky elects promptly to grant appellant a new trial.