John H. FAIR

v.

Julius T. CUYLER, Superintendent and The Attorney General of the State of Pennsylvania.

No. 78–4247.

United States District Court, E. D. Pennsylvania.

Jan. 8, 1981.

Fern H. Schwaber, Defender Assoc. of Philadelphia, Philadelphia, Pa., for plaintiff.

Stephen B. Harris, First Asst. Dist. Atty., Doylestown, Pa., for defendant.

## FINDINGS OF FACT, DISCUSSION, CONCLUSIONS OF LAW, AND ORDER

HUYETT, District Judge.

Following a *de novo* review of the report of the magistrate, including those portions objected to, and a *de novo* review of the evidence and the entire record pursuant to 28 U.S.C.A. § 636(b) (Supp.1979) and the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C.A. § 2254 note (Supp.1979), I approve and adopt the findings of fact recommended by the magistrate with the exceptions noted below and make the following additional findings.

### Findings of Fact

1. Recommended finding 8 is modified to read as follows: On September 21, 1976, Mr. Kardos appeared before the Honorable John Bodley.

a. At that time Mr. Kardos requested a continuance of the trial date.

b. The request for an extended continuance was denied, however, a one-day continuance was granted so that it could be determined whether the petitioner was in good enough health to stand trial.

c. Mr. Kardos first met with petitioner on September 21, 1976.

2. Recommended finding 10 a. ii is modified to read as follows: One of these motions was a Motion to Suppress Evidence.

3. The Bucks County public defenders office had from May 13, 1976 to September 21, 1976 in which to prepare petitioner's defense. H. 5, 20–22.[1]

4. A member of that office interviewed the petitioner in July of 1976. H. 40.

5. A lawyer from the defenders office, John Witman, represented the petitioner at his arraignment on September 12, 1976. H. 41.

6. At his trial, the petitioner took the stand in his own defense and admitted all the facts which led to his arrest. H. 32–33, 56, 69, 70–71.

7. The petitioner did not ask counsel to call any witnesses on his behalf. H. 22–23, 52.

8. The September 1, 1976 request for a bill of particulars also included a discovery request. H. 16.

9. Mr. Kardos did have an opportunity to interview some witnesses called by the state. H. 22–23.

10. Petitioner's only defense to the charges against him was that the police officer whom he was accused of assaulting and robbing had used undue force in attempting to arrest him. H. 55–56.

11. There was overwhelming evidence of guilt, in particular petitioner's admission of all the relevant facts. H. 55–56.

12. The petitioner has not alleged that any new evidence has come to light. H. 50–51.

13. This was not a complicated case. H. 72.

14. Mr. Kardos did not want to try this case before Judge Bodley because he believed that the Judge would give his client a stiffer sentence than other members of the Bucks County bench. H. 41.

15. Further investigation would not have aided petitioner's defense. H. 72–73.

16. The Bucks County Public Defenders office was actively representing the petitioner as early as July 7, 1976 when an interview was conducted with the petitioner. H. 25.

---

1. The only witness who testified at the evidentiary hearing held by Magistrate Leomporra was Mel D. Kardos, Assistant Buck Defender for the County of Bucks. Mr. Kardos represented the petitioner at his criminal trial. All references to the hearing are to Mr. Kardos' testimony and are cited "H." and page number. References to the record of petitioner's criminal trial ("T") are by page number and date.

17. Petitioner told Mr. Kardos that he had not made any statements to the police. H. 61–62.

18. Based on this information from the petitioner, his attorney did not file a motion to suppress a statement. H. 61.

19. Petitioner had made an exculpatory in-custody statement which was inconsistent with the testimony he gave at his trial. H. 62. Testimony of Fair, T. 198–99 (Sept. 23, 1976).

20. The officer who conducted the interrogation which led to the out of court statement testified that the petitioner was advised of his constitutional rights. Testimony of Batezel, T. 83–84 (Sept. 23, 1976).

21. Petitioner signed a waiver of his constitutional rights. Testimony of Fair, T. 215 (Sept. 23, 1976).

22. Petitioner admitted that the waiver was read to him and that he was told that he had a right to have a lawyer present during questioning. Testimony of Fair, T. 222–24 (Sept. 23, 1976).

23. Even though no pretrial motion to suppress was made, the trial court record fully develops the issue of whether the *Miranda* warnings were given to the petitioner prior to the time he made the statement. Testimony of Batezel, T. 83–84, Testimony of Fair, T. 215–222 (Sept. 23, 1976).

24. Mr. Kardos filed pretrial motions on behalf of the petitioner. Statement by Kardos, T. 22 (Sept. 22, 1976).

25. The trial judge dismissed the motions as untimely pursuant to the Pennsylvania Rules of Criminal Procedure. T. 24.

### Discussion

The petitioner in this habeas corpus action, John Fair, was convicted in Bucks County Court of Common Pleas of attempted burglary, robbery, and aggravated assault. The petitioner was sentenced to 8 to 30 years imprisonment based upon that conviction.

The procedural history of the writ in this court is somewhat unusual and for the sake of clarity bears repeating here. After exhausting his state post-trial remedies, the petitioner filed a *pro se* petition for a writ of habeas corpus alleging (1) that he had been denied his sixth amendment right to effective assistance of counsel, (2) that the trial judge's refusal to grant a continuance was an abuse of discretion and violated his due process rights under the fourteenth amendment, (3) that a statement taken before he was given the *Miranda* warnings was permitted to be used against him at trial, and (4) that he was deprived of his due process right to a preliminary hearing. This writ was referred to U.S. Magistrate Tullio Gene Leomporra who filed a report and recommendation on August 13, 1979. That report recommended dismissal of all of petitioner's contentions except the sixth amendment claim, and recommended holding an evidentiary hearing on that claim. I approved the magistrate's September 1979 report and returned the case to him to hold the evidentiary hearing. The Federal Defenders Association was appointed to represent the petitioner. When counsel was appointed the time in which to file objections to the report and recommendation of September 1979 had expired. Although I had already approved and adopted the magistrate's report I granted leave to file objections. In the meantime the magistrate had held an evidentiary hearing on the sixth amendment claim. Based upon the objections filed on behalf of the petitioner I vacated my earlier order approving the report of September 1979 and returned the entire case to the magistrate to consider the contentions raised by petitioner's counsel and take whatever action he deemed appropriate. On May 1, 1980, the magistrate held oral argument on all of petitioner's contentions and determined that an additional evidentiary hearing was not required. Ultimately, the magistrate adhered to his early recommendation to dismiss the last three allegations. In addition, in his report and recommendation filed on September 8, 1980, the magistrate recommended that I find that petitioner was adequately represented and conclude that his sixth amendment rights were not violated. Objections to the report of September 1980 have been filed.

Under § 636(b) of the Judicial Code, 28 U.S.C.A. § 636, in cases involving post-conviction remedies to which objections have been filed, I must make a *de novo* determination of the objected to portions of proposed findings. *See also* Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C.A. § 2254 note (Supp.1979), *Calderon v. Waco Lighthouse for the Blind*, 630 F.2d 352 (5th Cir. 1980). Accordingly I have made a thorough review of the record. I have read and considered the transcript of the evidentiary hearing held by the magistrate. I considered holding a further evidentiary hearing but rejected that alternative as unnecessary. Because I am approving and adopting the recommendations of the magistrate, I am not rejecting any determinations which he made with regard to credibility; therefore, it is not necessary that I hear the evidence personally. *See Louis v. Blackburn*, 630 F.2d 1105 (5th Cir. 1980).

■ The standard of adequacy of legal services is "the exercise of the customary skill and knowledge which normally prevailed at the time and place." *Moore v. United States*, 432 F.2d 730, 736 (3d Cir. 1970). There is no *per se* rule in this area. Each case must turn on an evaluation of the services rendered on behalf of the client. *Id.* at 735. Thus, in *Turner v. Maryland*, 318 F.2d 852 (4th Cir. 1963), cited with approval in *Moore*, 432 F.2d at 735 n.17, the Fourth Circuit held that the petitioner's rights had not been violated by the fact that his court-appointed counsel had not consulted with him until less than a half hour before the time for trial where the facts showed that the defendant had participated in the crime and informed his coun-

sel that his confession was true. Commenting on *Turner*, the Third Circuit observed that a number of factors "may reduce the area of necessary preparation" including "what [defense counsel] may have been told by the defendant." *Id.* at 735.

■ In the present case, the defendant readily admitted the facts which led to his confrontation with the police officer.[2] The only disputed fact was whether the petitioner's acts were justified as self-defense. Petitioner took the stand to tell his account of the events. There were no witnesses who he wished his counsel to call. Counsel concedes that were he granted a new trial there would be no new evidence to bolster his case. Because of the breadth of petitioner's admissions, the amount of investigation required to prepare this case for trial was reduced to bare minimum. This case is not like those where counsel apparently failed to investigate a "critical source of potentially exculpatory evidence," *see United States v. Baynes*, 622 F.2d 66, 69 (3d Cir. 1980), nor is this case like *Wilson v. Cowan*, 578 F.2d 166 (6th Cir. 1978) in which counsel inexplicably failed to call an alibi witness.

Petitioner also relies upon *United States ex rel. Taylor v. Rundle*, 456 F.2d 1245 (3d Cir. 1972) (per curiam) to support his contention that he was denied effective assistance of counsel. In *Taylor*, the public defenders office was appointed to represent defendant on the day of trial and a request for a continuance was denied. *Id.* at 1246. The district court granted the writ of habeas corpus and the Third Circuit affirmed based on the fact that the late *appointment* precluded the delivery of minimumly ade-

2. Petitioner contends that I should not consider his testimony at his criminal trial, citing *Harrison v. United States*, 392 U.S. 219, 88 S.Ct. 2008, 20 L.Ed.2d 1047 (1968). In *Harrison*, the defendant took the stand only after his illegally obtained confession was admitted against him. *Id.* at 220, 88 S.Ct. at 2009. He was convicted but his conviction was reversed on appeal because of the use of the confession. At his retrial, the government introduced his testimony from the first criminal trial. The Supreme Court reversed his second conviction holding that the government had the burden of showing

that the defendant's decision to take the stand in his first trial was not the fruit of the use of the illegal confession. The present case is clearly distinguishable. Before me is the post-conviction review of the same criminal conviction in which defendant testified. The issue is not petitioner's guilt or innocence but whether he was afforded his constitutionally protected rights. As stated in the discussion in the text, I conclude that there was no violation of petitioner's constitutional rights which would predate his decision to take the stand.

quate legal representation. *Id. Taylor* is clearly distinguishable from the present case because this is not a case of late appointment of counsel. In *Moore*, the Third Circuit held that where a petitioner was represented by an institutional defender, the date of appointment is the date that the institution was appointed and not the date that an individual lawyer was assigned to try the case. 432 F.2d at 734. The petitioner's counsel was appointed to represent him in May, his trial began on September 21. He was in contact with the institution appointed to represent him as early as July and was represented by a lawyer from the office at his arraignment on September 1. Thus, the *Taylor* decision is not applicable to the present case because here there was a timely appointment. I conclude based on the facts as I find them, including the ongoing representation of the petitioner as early as July 1979, that petitioner received effective assistance of counsel.

▉▉ Petitioner also alleges that he was denied due process and deprived of effective assistance of counsel by the trial judge's failure to grant an extended continuance despite the claim of petitioner's counsel that he was not prepared for trial. My conclusion above that petitioner had adequate representation lessens the force of this contention. In addition, I note that the trial judge's refusal to grant a continuance would entitle the petitioner to relief only upon a showing of abuse of discretion. *Paullet v. Howard*, 634 F.2d 117 (3d Cir. 1980) (per curiam). In consideration of the facts as I find them, the May appointment of the public defender and the trial judge's willingness to grant a more limited continuance to determine the state of petitioner's health, I conclude that his denial of a lengthier stay of the proceedings was not an abuse of discretion.

▉▉ The petitioner has made similar allegations with regard to the dismissal of his pretrial motions as untimely. In light of the May appointment of the public defender to represent the petitioner and the September 1, 1976 request for a bill of particulars and discovery, the trial judge's dismissal of pretrial motions filed on September 22, 1976 is supported by the state court rules, *see*

Pennsylvania Rules of Criminal Procedure 305 (1976), and was not unreasonable. For reasons stated above, I find that petitioner had effective assistance of counsel notwithstanding the denial of these motions.

Petitioner also attacks the use of a statement against him which he alleges was taken in violation of *Miranda*. When the petitioner took the stand at his trial an oral statement that he had made to the police and which was already in the record was used to impeach him. The statement was exculpatory and was not consistent with his testimony at trial in which he admitted most of the facts relating to the charges against him. His defense at trial was that the officer who confronted him had used unreasonable force and therefore his use of force against the officer was justified. Likewise, he maintained that he stole the officer's gun only to protect himself from the use of unreasonable force.

▉▉ Pennsylvania does not permit the use of statements taken in violation of *Miranda* even for impeachment purposes. *Commonwealth v. Tripplett*, 462 Pa. 244, 341 A.2d 62 (1975). Nonetheless, petitioner's contentions are without merit. Even if his counsel had included in his pretrial motions a motion to suppress this statement it would have been denied like the other pretrial motions as untimely. I have concluded that their denial as untimely was not an abuse of discretion. Further, the reason the statement was not objected to prior to its introduction was that the petitioner misled his counsel by telling him that he had made no statements. For this reason and recognizing that the evidence in the state court record supports the conclusion that the *Miranda* warnings were given, I conclude that the use of the in-custody statements did not represent ineffective assistance of counsel.

Based on the preceding findings of fact and discussion, I make the following conclusions of law.

### Conclusions of Law

1. I approve and adopt the conclusions of law made by Magistrate Leomporra on September 8, 1980.

2. The untimely filing of pretrial motions by petitioner's trial counsel did not deprive him of effective assistance of counsel.

3. The trial judge's dismissal of the motions was not an abuse of discretion.

4. The failure of petitioner's counsel to move to suppress his in-custody oral statement did not deprive him of effective assistance of counsel.

## ORDER

NOW, January 8, 1981, upon consideration of the Report and Recommendation of the Honorable Tullio Gene Leomporra, objections filed on behalf of the petitioner, and for the reasons stated in the accompanying findings of fact, discussion and conclusions of law, IT IS ORDERED that

1. the Report and Recommendation of the magistrate is APPROVED and ADOPTED as modified and supplemented herein,

2. the petition for writ of habeas corpus under 28 U.S.C. § 2254 is DISMISSED.

