**William Earl HOLLAND, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Sept. 21, 1984.

Rehearing Denied Nov. 23, 1984.

C. Thomas Hectus, Appellate Public Advocate, Gittleman & Barber, Louisville, for appellant.

David L. Armstrong, Atty. Gen., George Geoghegan, Robert Hensley, Asst. Attys. Gen., Frankfort, for appellee.

Before CLAYTON, McDONALD and MILLER, JJ.

CLAYTON, Judge.

This is an appeal from an order denying Holland's motion to vacate judgment, pursuant to RCr 11.42.

Appellant's primary claim is that he was denied effective assistance of trial counsel due to counsel's failure to subpoena favorable alibi witnesses. We agree and, therefore, reverse.

On January 6, 1982, judgment of conviction was entered against Holland for first-degree robbery and for being a first-degree persistent felony offender. He was sentenced to life imprisonment. His conviction was affirmed on direct appeal to the Supreme Court. Prior to entry of judgment by the trial court, appellant filed a RCr 11.42 motion. Counsel was appointed and an evidentiary hearing was conducted March 11, 1983. Appellant's RCr 11.42 motion was denied at the conclusion of the hearing. This appeal followed.

Appellant's only defense to the robbery charge was an alibi defense. Through the testimony of his father, stepmother and girlfriend, he hoped to prove that he could not have robbed the Bonded Oil Service Station in Louisville on the morning of June 6, 1981. During the time of the robbery, these witnesses would testify that the appellant was working in his father's newly-opened restaurant. The appellant lived above the restaurant, and his girlfriend

often stayed with him. However, no subpoenas were served on his father and stepmother, and they did not appear for his trial. His girlfriend testified at his trial even though she was not subpoenaed to do so.

We have thoroughly reviewed the record in this case, including the transcript of evidence, as well as the transcript of appellant's RCr 11.42 hearing, to determine whether counsel's failure to subpoena these witnesses denied the appellant effective assistance. In this particular fact situation, we conclude that appellant was denied effective assistance.

At the RCr 11.42 hearing, the following witnesses testified: Holland, his girlfriend, his father, stepmother, his trial counsel and the investigator who was assigned to his case. Counsel admitted that he considered appellant's father to be a favorable alibi witness and that he intended to call him as a witness, but counsel said he relied on the appellant's girlfriend to see that appellant's father showed up for trial. In the courtroom shortly before trial, counsel noticed that these witnesses were not present. He told appellant's girlfriend to try to locate them. She said she was unable to reach them, and appellant's trial began that day. No motion for continuance was made. Counsel said the girlfriend told him appellant's father would not come because he could not recall everything.

The only evidence offered on behalf of the appellant was that of two female friends who testified that they went to the service station frequently with him. This was offered to cast doubt on the identification of the appellant by a service station employee some two and a half months after the robbery. The employee stated that she recognized the appellant as the robber when he came to the window to pay for gas.

The plight of the appellant in not having his alibi witnesses present is heightened by the following facts. The Commonwealth offered to dismiss the robbery charge if the appellant passed a polygraph test. When the results of the test were inconclusive, the Commonwealth offered to amend the charge to second-degree robbery and to totally dismiss the PFO charge if the appellant pleaded guilty. A recommendation of five years was to be made by the Commonwealth. The appellant turned this offer down, proceeded to trial and was sentenced to life imprisonment. He said that when he learned his alibi witnesses would not be present, he wanted to testify but was advised not to because of his prior felony convictions. Counsel said that he may have informed the jury early in the trial that the appellant's parents would testify. His opening statement is not transcribed. The Commonwealth, in closing argument, did point out that while appellant's girlfriend said that the appellant's father knew his whereabouts the morning of the robbery, his father had not come to testify.

The record reflects that there was some confusion as to appellant's trial date on the robbery offense because he was also indicted on drug charges and because of the postponement for the polygraph examination. The record contains a subpoena for appellant's father to appear November 17, 1981, for his son's robbery trial. However, the trial was continued and held December 8, 1981.

Holland relies on *Wilson v. Cowan*, 578 F.2d 166 (6th Cir.1978), to support his allegation that he has met his burden of proof in establishing ineffective assistance. *Henderson v. Commonwealth*, Ky., 636 S.W.2d 648 (1982). We agree. The facts of *Wilson* are identical to the facts of this appeal.

We cannot escape the conviction that this record requires us to hold that ineffectiveness of counsel deprived appellant of his only defense. Even more important, we cannot escape the conviction that it also deprived the jury of the opportunity to hear arguably vital evidence which should have been weighed in the balance against the identification testi-

mony. American justice and the Sixth Amendment to the United States Constitution require no less.

578 F.2d at 168.

The judgment of the Jefferson Circuit Court is reversed for a new trial in conformity with this opinion.

MILLER, J., concurs.

McDONALD, J., dissents.

**McDONALD, Judge, dissenting:**

I dissent from Judge Clayton's well-written opinion because I believe we have gone too far in granting relief under our RCr 11.42 proceedings. On this appeal the issue is ineffective assistance of counsel.

The standard to be applied in gauging ineffective assistance of counsel comes to us from *Henderson v. Commonwealth,* Ky., 636 S.W.2d 648 (1982), wherein our Supreme Court adopted the test explained in *Beasley v. United States,* 491 F.2d 687 (6th Cir.1974). It held "that the assistance of counsel required under the Sixth Amendment is counsel reasonably likely to render and rendering reasonably effective assistance." Here, the *Holland* defense was based on alibi, provable through his live-in girlfriend, father and stepmother. No subpoenas were issued for their attendance at the trial. The girlfriend appeared; however, the father and the stepmother did not appear. Trial counsel sent the girlfriend to get the unattending witnesses. She subsequently reported to trial counsel that the father did not appear because he told her he did not remember anything. No motion for continuance with supporting affadivit was submitted to the trial court so the trial proceeded. Holland was convicted of the primary charge of robbery which was enhanced to a life imprisonment based on a first-degree persistent felony offender conviction.

In reversing the trial court and ordering a new trial, the majority hangs its hat on *Wilson v. Commonwealth,* 578 F.2d 166 (6th Cir.1978). There trial counsel failed to subpoena or notify the alibi witness about the defendant's trial. The witness was a disinterested witness and car salesman who could verify that he was negotiating a car deal with the defendant at the exact time the robbery took place. The *Wilson* court said:

> We believe ... that under the facts of this case, counsel's failure to call an alibi witness who was ready and willing to testify ... would deprive appellant of effective assistance of counsel.

.    .    .    .    .

Appellant had only one defense, i.e., that he was not guilty because he was not there.

This case is different. I do not believe that we should second-guess trial counsel as to whom he is going to call as witnesses under the circumstances of this case. The information conveyed to trial counsel was that the father was not a willing witness. We should not be asking whether a better defense could have been presented but only if Holland was given an adequate and reasonable defense through his counsel. We are not dealing with ordinary citizens. We are dealing with the criminal element and a family highly motivated to connive and contrive an "out" for Holland. In my opinion ineffective assistance of counsel is more of a question involving counsel's legal ability rather than second guessing whom counsel should have called as witnesses. This case may never be retried due to passage of time.

For the above reasons I dissent.