NO. _PD-0961-15_    **961-15**

IN THE

COURT OF CRIMINAL APPEALS

OF TEXAS

ORIGINAL

JOE RAY ALVAREZ

V.

THE STATE OF TEXAS

RECEIVED IN
COURT OF CRIMINAL APPEALS

OCT 05 2015

Abel Acosta, Clerk

FROM THE COURT OF APPEALS

FOR THE FIRST DISTRICT OF TEXAS

AT HOUSTON TEXAS

Cause No. 01-13-00368-CR

PETITION FOR DISCRETIONARY REVIEW

FILED IN
COURT OF CRIMINAL APPEALS

OCT 06 2015

Abel Acosta, Clerk

Oral Argument Requested

Joe Ray Alvarez, Pro se
TDCJ-ID No. 1853331
A.D. Hughes Unit
Rt. 2  Box 4400
Gatesville, TX  76597

# IDENTIFICATION OF THE PARTIES

In order that the members of this Court may determine disqualification and recusal under the Tex. R. App. Proc. 15 and 15a, Appellant certifies that the following is a complete list of parties, attorneys, and other persons with a interest in the outcome of this lawsuit:

| | |
|---|---|
| Honorable Stacey Bond | Presiding Judge in the 176TH District Court |
| Emily Detoto | Defense Counsel at trial |
| Michael Driver | Defense Counsel at trial |
| Patti Sedita | Defense Counsel on appeal |
| Nathan Moss | Assistant District Attorney at trial |
| Paul Fortenberry | Assistant District Attorney at trial |
| Alan Curry | Assistant District Attorney at trial |
| Joe Ray Alvarez | Appellant |

# STATEMENT REGARDING ORAL ARGUMENT

Pursuant to Tex. R. App. Proc 75, Appellant did request oral argument in this case and can state [in BRE] before Honorable Judges record in case cause no. 0706244, Dec. 5, 1996 plea of guilty was said to have cleared Appellant's record of any further investigations of any other charges. Courts construe ambiguity against government as drafter of agreement. Arrest, charge indictment in case cause number 600516 is a breach of government agreement according to law of contracts.

# TABLE OF CONTENTS

                                                            Page

IDENTIFICATION OF PARTIES.................................ii

STATEMENT REGARDING ORAL ARGUMENT........................ii

TABLE OF CONTENTS.......................................iii

INDEX OF AUTHORITIES.....................................iv

STATEMENT OF THE CASE.....................................1

STATEMENT OF PROCEDURAL HISTORY..........................2

QUESTION PRESENTED FOR REVIEW...........................3

ARGUMENT AND REASON FOR REVIEW....................4,5,6,7

CONCLUSION AND PRAYER....................................8

CERTIFICATE OF SERVICE..................................8

APPENDECIS............................................,9

Page iii

# INDEX OF AUTHORITIES

CASES                                                                    Page

Arizona v. Fulminate, 111 S. ct. 1246 (1991) "Quoting"..............6

Barker v. Wingo, 407 U.S. 514 (1972)................................6

Bell v. Georgia, 554 F. 2d 1360 (5th Cir. 1977)....................6

Bledsoe v. State, 178 S.W. 3d 824, 826-27 (Tex. Crim. App. 2005)...2

Brady v. Maryland, 373 U.S. 83, 87 (1963)..........................3

Brecht v. Abrahamson, 113 J. ct. 1710 (1993).......................6

Brown v. Poole, 337 F. 3d 1155, 1159-60 (9th Cir. 2003)..........3,4

Collins v. Young, 497 U.S. 37 110 S. ct. 2715 111 L. ed 2d 30 (1990).4

Exparte  Duffy, 607 S.W. 2d 507 (Tex, Crim. App. 1980)..............6

Gochicoa V. Johnson, 53 F. Supp. 2d 948, 950 (W.D. Tex. 1999).......6

Grimes v. State, 807 S.W. 2d 582 (Tex. Crim. App 1991)............4

Johnson v. U.S. , 520 U.S. 461, 465 (1997).........................7

Strickland v. Washington , 466 U.S. 668 (1984).....................6

U.S. v. Bagley, 473 U.S. 667, 682 (1985)...........................3

U.S. v. Cromer, 389 F. 3d 662, 672 (6th Cir. 2004).................7

U.S. Guzman, 318 F. 3d 1191, 1195 (10th Cir. 2003).................3

U.S. v. Marion, 404 U.S. at 313, 320 (1971)........................6

U.S. v. Vega Molina, 407 F. 3d 511, 521 (1st Cir. 2005)............7

U.S. v. Olano, 507 U.S. 733 (1993).................................7


STATUTES

Tex. Code of Crim. Proc.            Article 12.01...................4
                                           12.03...................4
                                           12.04...................4
                                           12.05...................4
                                           12.06...................4
                                           32.01.................4,5

RULES

Texas Rules of Appellate Proc.      15 and 15 (a)..................ii
                                    75.............................ii

Federal Rules of Crim. Proc.        11 (e), (f), (g)...............3
                                    48 (b).........................5
                                    50 (b).........................5
                                    52 (b).........................7
                                    410............................3

## STATEMENT OF THE CASE

Appellant plead not guilty to charge indictment in cause no. 600516 to the offense of Aggravated Assault, alleged to have been committed on April 26, 1991. (1)

On April 16, 2013 the case proceeded to trial by jury. (2)

The jury returned a verdict of guilty (3) and assessed Appellant's punishment at confinement for life in the Texas Department of Criminal Justice, Institutional Division. (4)

Judgement and sentence was signed April 18, 2013. (5)

C.R.= Clerk's Record Vol. 1 of 1 Vol.
(1) (2) (3) (4) (5) See Appendix A

Appellant gave notice of appeal. (1)

Trial court appointed appeal attorney, Patti Sedita (2) whom later filed an Ander's Brief concluding her review was limited.

Appellant immediately petitioned Court of Appeals First Supreme District of Texas to pursue [pro se]. (3)

No motion for rehearing was ever filed.

Court of Appeals First Supreme District of Texas reviewed Appellant's case sua sponte and  *Affirmed*  the trial courts conviction.

Appellant now timely files this petition for Discretionary Review.

Page 2

(1) (2) (3) See Appendix B

Appellant would not be in prison today in case cause no. 0600516 had Government Agreement not been breached according to law of contracts.

Due process requires that any ambiguity, admissibility or inadmissibility of plea, plea discussion, and related statements is accordance with Rule 11 (1) are to be construde against the government (2).

And in accordance with Appellant's reasonable understanding of agreement (3) prosecutors promisses as part of plea bargain. Appellant had been cleared of all further investigations of all other charges prompted acceptance of agreement.  Minutes of the court asses subsequent attack on the breach in case cause no. 0706244, Dec. 5, 1996 appellant would not be in prison today in case cause no. 0600516 had government inaction disclosed pending 1991 indictment of attempted murder.

Courts have fashioned rules providing for the disclosure of certain types of evidence when necessary to safeguard a defendant's due process rights (5) and (6).

Page 3



(1) (2) (3)   (5) (6)
See  Appendix C

Appellant proves by a preponderance of evidence when he was arrested Dec. 5, 1996 on primary case no.0706244 (1), plead guilty and sentenced to ten years TDCJ-ID, and remained in custody until 2005 (2), plea agreement was intended and understood " to clear his record " up to time (3) by his attorney and prosecutor of any and all further investigations of further allegations. However unknown to Appellant one case did exist yet State decided not to pursue " The Warrant " although it had Appellants picture and a witness.

Government inaction to formally charge and disclose pending 1991 indictment (4) in cause no. 0600516 prejudiced Appellant under Brady Rule and violated his Due Process Fourteenth Constitutional Amendment Right.

Prosecution of case cause no. 0600515 resulted in state failing to abide by Texas Code of Criminal Procedure (C.C.P.) Article 32.01, Art. 12.04, Art. 12.05, Art. 12.06.

Appellant was incustody and no indictment presented in seperate case cause no. 0706244, from 1996 through yr. 2005 (2). State's untimely due diligence to confront Appellant with said indictment violates service of a copy of indictment. Instead state chose to await until Appellant was released from TDCJ-ID custody to rearrest inform, prosecute Appellant in case cause no. 0600516 so prejudice Appellant to properly address accusation's at the time of charges. Government waiting 20 years to arrest and present indictment violated Appellants Due Process Right and Equal Protection of the Law to legally defend himself.

Ex Post Facto Law provides fundamental principles of fairness upon which our system of justice is founded prohibits the enachment of law which is one that deprives a person charged with an offense of any defense available at the time of commission (𝟐𝟐).

Court appointed trial counsel's failure to file motion(s) to quash " Time Barred " indictment by statute of Limitations according to C.C.P. Art. 12.01 and Art. 12.03, and litigate violation of Speedy Trial Act constituted ineffective assistance of counsel.

Indictment refiled June 27, 1991 intentionally was withheld from Appellant until March 15, 2011. Government inaction to give Appellant notice of pending indictment was bias and unnecessary delay in presenting charges to grandjury, filing an information against Appellant, or bringing the Appellant to trial is a violation of Federal Rule of Criminal Proc. 48 (b) and 50 (b) and Appellant's 14TH Constitution Amendmend Right.

Government Breached plea agreement in case cause no. 0706244 when it refiled information , arrest, charged indictment, then convicted the Appellant in case cause no. 0600516 in violation of Due Process Clause and Equal protection and Article 32.01 (1) for a Speedy Trial resolution.

Record clearly established that Appellant made the court, state , and his trial counsel aware that he wanted to invoke his right to a speedy trial in two seperate accusations pro se (2) , on Dec. 20 2012 , and Jan. 10, 2013 (3),  yet motions were never heard because he was represented by appointed counsel.

Page 5

(1) (2) (3)
See Appendix *D*

## ARGUMENT AND REASON FOR REVIEW

Delay prejudiced Appellant by depriving him of any defense at the time of commission of alleged charge of offense and opportunity to question available alibi witnesses (10) now incarcerated. Trial counsel's forfeiture to subpoena accomplices Mark Bivins and Bruno Vasquez to better apprise Appellant of evidence against him and deficiencies in state witnesses also prejudiced Appellant, See (11) ans (12).

Delay prejudiced Appellant in preparing his defense with adequate legal counsel starting at of legal accusation in violation of all four [Barker Factors] Courts consider when defendant has been deprived of his right to a Speedy Trial, See (13).

The right to a speedy trial attaches at the time of arrest or formal charge, which ever comes first (14).

assistance of guiding hand of trial counsel and misapplication of counsel stradegy standards forfeiture to raise any objections arising from indictment "time barred" by statute of limitation, breach in government agreement in primary case cause no. 0706244, and failure to submit motion (s) for speedy trial before trial proceedings was not effective assistance of counsel (15) instead was no trial stradegy but a "structual Error" (16), that infected the entire trial process. trial counsel's role failed to subject prosecutions case to meaningful adversarial testing.

Page 6

(10-16) See Appendix D

Furthermore the right to effective assistance fully encompassess the clients right to obtain from trial counsel the work files generated during and pertinent to client's defense forcing Appellant to motion to compell trial attorney to surrender, now after Direct Brief, a complete copy of trial counsel's case file in case cause no.'(s) 600516 and 596598 discloses trial counsel failed to inform Appellant prosecution's plea offer of 15 years to 20 years concurrent during a time trial counsel was perturbed and more interested in resolving her (trial counsel) own indictment for cocain charges.

[ "the decision to reject a plea bargain.....is a decision for the accused to make......a failure of counsel to advise his client of a plea bargain......constitute(s) a gross deviation from accepted professional standards." ] United States ex. rel. Caruso v. Zelinsky, 689 F. 2d 435 (3rd Cir. 1982)

Appellant asserts he is innocent of firing any fire arm and pleas to this Honorable Court of Criminal Appeals to review allege irregularity that is clear and obvious, affecting Appellant's substantial rights (17) (18) (19); Appellant is entitled to an Evidentuary Hearing to resolve the factual dispute.

Likewise , plain error doctrine recoqnizes that where defendant's personal rights at stake, the rule of forfeiture should bend slightly if necessary to prevent a grave injustice (20) (21).

(17-21) See Appendix

## CONCLUSION AND PRAYER

Wherefore premises considered, Petitioner, Joe Ray Alvarez, prays the Court of Criminal Appeals to uphold the points of errors, reverse the court of appeals judgement, request a stay of mandate and remand the case for a new trial.

Petitioner request for all other relief to which he may be entitle.

Respectfully Submitted, _Joe Aly_

Joe Ray Alvarez, pro se
TDCJ-ID No. 1853331
A.D. Hughes
Rt. 2  Box 4400
Gatesville, TX 76597

## CERTIFICATE OF SERVICE

I certify that I delivered a copy of Appellant's pro se motion for Writ of Discretionary Review to the Honorable Court of Criminal Appeals of Texas Supreme Court Building, Abel Acosta, Clerk of the Court by U. S. Mail, postage prepaid, first class, at 201 West 14TH Street, Room 106, Austin,Texas  78701.

On this day of _Sept, 28, 2015_ .

_Joe Aly_

Joe Ray Alvarez, pro se

APPENDICES

## TABLE OF CONTENTS

Appendix A, (pg. 1)

Statement of the case:

Clerk's Record Vol. 1 of 1 Vol.

(1) clerk's rec. pg. 145

(2) clerk's rec. pg. 152

(3) clerk's rec. pg. 167

(4) clerk's rec. pg. 177

(5) clerk's rec. pg. 178

Appendix B, (pg.2)

Statement of Procedural History:

Clerk's Record Vol. 1 of 1 Vol.

(1) clerk's rec. pg. 181

(2) clerk's rec. pg. 184

(3) Bledsoe v. State, see index
    of authorities

Appendix C, (pg.3)

Question Presented for Review:

(1) Rule 11 e., f., see index
    of authorities

(2) Fed. R. of Evidence 410,
    see index of authorities

(3) U.S. v. Guzman, see index
    of authorities

(4) Brown v. Poole, see index
    of authorities



(6) Brady v. Maryland, see
    index of authorities

(7) U.S. v. Bagley, see index
    of authorities

Appendix D, pg. 4,5,6,7)

Argument and Reason for Review:

(1) clerk's rec. Vol.1 of 1 Vol.
    pg. 20

(2) reporter's rec. Vol. 9 of 9
    Vol. Exhibit 12, Pen Packet

(3) Brown v. Poole, see index
    of authorities

(4) clerk's rec. Vol. 1 of 1 Vol.
    pg. 145

(5) clerk's rec. Vol. 1 of 1 Vol.
    pg. 87

(6) Article 32.01, see index
    of authorities

(7) clerk's rec. Vol. 1 of 1 Vol.
    pg. 125

(8) Same

(9) clerk's rec. Vol. 1 of 1 Vol.
    pg. 130

(10) reporter's rec. Vol. 6 of 6
     Vol. pg. 82

(11) Bell v. Georgia, see index
     of authorities

## TABLE OF CONTENTS

Appendix D, (pg. 4,5,6 & 7)

Argument and Reason for Review:

(12) Exparte Duffy, see index of authorities

(13) Barker v. Wingo, see index of authorities

(14) U.S. v. Marion, see index of authorities

(15) Strickland v. Washington, see index of authorities

(16) Gochicoa v. Johnson, see index of authorities

  Brecht v. Abrahamson, see index of authorities

  Arizona v. Fulminate, see index of authorities

(17) U.S. v. Olano, see index of authorities

(18) Federal Rules of Crim. Proc. 52 b., see index of authorities

(19) Johnson v. U.S. , see index of authorities

(20) U.S. v. Vega Molina, see index of authorities

(21) U.S. v. Cromer, see index of authorities

(22) Grimes v. State , and

  Collins v. Youngblood, see index of authorities

Opinion issued July 7, 2015



In The

## Court of Appeals

For The

## First District of Texas

———————————

NO. 01-13-00368-CR

———————————

JOE RAY ALVAREZ, Appellant

V.

THE STATE OF TEXAS, Appellee

———————————————————————————————————————

On Appeal from the 176th District Court
Harris County, Texas
Trial Court Cause No. 600516

———————————————————————————————————————

## MEMORANDUM OPINION

A jury found appellant, Joe Ray Alvarez, guilty of the offense of aggravated

assault with a deadly weapon. *See* TEX. PENAL CODE ANN. § 22.02(a) (Vernon

2011). After finding true the allegations in two enhancement paragraphs that

appellant had been twice previously convicted of felony offenses, it sentenced him to life in prison. *See* TEX. PENAL CODE ANN. § 12.42(d) (Vernon Supp. 2014).

Appellant's appointed counsel on appeal has filed a motion to withdraw, along with a brief stating that the record presents no reversible error and the appeal is without merit and is frivolous. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967).

Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record and supplying us with references to the record and legal authority. 386 U.S. at 744, 87 S. Ct. at 1400; *see also High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978). Counsel indicates that she has thoroughly reviewed the record and is unable to advance any ground of error that warrants reversal. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

Appellant has filed a pro se response, contending that (1) the State did not timely file an indictment; (2) he was denied his right to a speedy trial; and (3) his trial counsel rendered ineffective assistance of counsel.

We have independently reviewed the entire record in this appeal, and we conclude that no reversible error exists in the record, there are no arguable grounds for review, and the appeal is frivolous. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400 (emphasizing that reviewing court—and not counsel—determines, after full

2

examination of proceedings, whether appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (reviewing court must determine whether arguable grounds for review exist); *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (same); *Mitchell*, 193 S.W.3d at 155 (reviewing court determines whether arguable grounds exist by reviewing entire record). We note that an appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d at 827 & n.6.

We affirm the judgment of the trial court and grant counsel's motion to withdraw.[1] Attorney, Patti Sedita, must immediately send appellant the required notice and file a copy of the notice with the Clerk of this Court. *See* TEX. R. APP. P. 6.5(c).

**PER CURIAM**

Panel consists of Justices Jennings, Bland, and Brown.

Do not publish. TEX. R. APP. P. 47.2(b).

---

[1] Appointed counsel still has a duty to inform appellant of the result of this appeal and that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals. *See Ex parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997).