Connie Ray CARAWAY, Petitioner-Appellee,

v.

Dr. George J. BETO, Director, Texas Department of Corrections, Respondent-Appellant.

No. 27454.

United States Court of Appeals, Fifth Circuit.

Jan. 21, 1970.

Crawford C. Martin, Atty. Gen. of Texas, Nola White, First Asst. Atty. Gen., Hawthorne Phillips, Executive Asst. Atty. Gen., W. V. Geppert, Staff Legal Asst. Atty. Gen., Robert C. Flowers, Jo Betsy Lewallen, Asst. Atty. Gen., Austin, Tex., for respondent-appellant.

Connie Ray Caraway, pro se.

Vincent W. Perini (court-appointed), Richard S. Geiger, Dallas, Tex., for petitioner-appellee.

Before THORNBERRY, GODBOLD and MORGAN, Circuit Judges.

PER CURIAM.

This is an appeal from a decision of the United States District Court for the Northern District of Texas granting petitioner's application for writ of habeas corpus. On January 24, 1966, after a trial by jury, petitioner was found guilty of the charge of robbery with firearms and was sentenced to forty years imprisonment. On the same day, he pleaded guilty to the charge of attempt to commit robbery and was sentenced to ten years imprisonment, the sentence to run concurrently with the

previous conviction. The attempted robbery took place eight days after the armed robbery. After exhausting his state remedies, petitioner applied for a writ of habeas corpus in the district court. Petitioner alleged that his robbery conviction was the result of (1) illegal arrest, (2) ineffective counsel, and (3) denial of certain rights prior to and during the trial. With respect to the attempted robbery conviction, petitioner alleged that his guilty plea was coerced.

The district court found that petitioner was not coerced to plead guilty to the attempted robbery charge and denied petitioner's application for writ of habeas corpus in that cause. That decision is not before this Court. With respect to the conviction for armed robbery, the district court found that petitioner was denied effective assistance of counsel and therefore granted his application for writ of habeas corpus in that cause. The court's order directed that petitioner be released from custody on this charge unless the state afforded him a new trial within sixty days. The state appeals the court's granting of the writ of habeas corpus. We affirm.

In its findings of fact, the district court found that petitioner's appointed counsel visited petitioner only once, and that merely three days before the trial. Even then, the conference between client and attorney lasted just fifteen minutes; possible defenses were not discussed, only the advisability of pleading guilty. The court further found that counsel did not ask petitioner if he wished to subpoena any witnesses in the robbery case and did not interview any witnesses listed on the back of the indictment nor any witnesses suggested by petitioner prior to putting them on the stand. Counsel made no objection to exhibits offered by the prosecution in the robbery case, consisting of a hat, coat and gun and artices found in a car, all on the occasion of the attempted robbery. The district court found that these exhibits were irrelevant, prejudicial and improperly identified. The court also found that approximately half of the testimony introduced in the robbery case dealt with the attempted robbery which occurred eight days after the armed robbery. That testimony was irrelevant and prejudicial, but appointed counsel did not object to it. The court further found that petitioner's only defense was that he was at home with his wife at the time of the robbery, but counsel made no attempt to call petitioner's wife as a witness or even to contact her to determine if she could help her husband's defense in any way. As previously noted, the district court concluded that petitioner had been denied effective assistance of counsel and granted his petition for habeas corpus.

■ Under Rule 52 of the Federal Rules of Civil Procedure, the district court's findings of fact cannot be set aside by this Court unless clearly erroneous. After reviewing the entire record, we are not "left with a definite and firm conviction that a mistake has been committed," United States v. United States Gypsum Co., 333 U.S. 364, 68 S.Ct. 525, 92 L.Ed. 746, and we hold that the district court's findings of fact are supported by evidence and are not clearly erroneous.

■ In MacKenna v. Ellis, 5th Cir. 1960, 280 F.2d 592, 599, this Court stated:

> We interpret the right to counsel as the right to effective counsel. We interpret counsel to mean not errorless counsel, and not counsel judged ineffective by hindsight, but counsel reasonably likely to render *and rendering* reasonably effective assistance.

Certainly, an attorney cannot render reasonably effective assistance unless he has acquainted himself with the law and facts of the case. See Roberts v. Dutton, 5th Cir. 1966, 368 F.2d 465; Willis v. Hunter, 10th Cir. 1948, 166 F.2d 721. Our adversary system is designed to serve the ends of justice; it cannot do that unless accused's counsel presents an intelligent and knowledgeable defense. Such a defense requires investigation

and preparation. Petitioner's counsel did not adequately prepare himself for his client's defense, and therefore petitioner did not receive adequate assistance of counsel. The district court's allowance of petitioner's application for writ of habeas corpus is

Affirmed.