Roderick JOHNSON, Petitioner-Appellant,

v.

Louie L. WAINWRIGHT, Director, Division of Corrections, State of Florida, Respondent-Appellee.

No. 71–1022.

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

April 1, 1971.

* [1] Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

256

Roderick Johnson, pro se.

Robert L. Shevin, Atty. Gen., Earl Faircloth, Atty. Gen., Warren H. Petersen, Asst. Atty. Gen., Lakeland, Fla., for respondent-appellee.

Before BELL, AINSWORTH, and GODBOLD, Circuit Judges.

PER CURIAM:

The district court denied Roderick Johnson's petition for habeas corpus after an evidentiary hearing, and he appeals. We affirm.

The appellant is confined by authority of a 25-year sentence for armed robbery which was imposed on May 8, 1967 in the Criminal Court of Record of Orange County, Florida. There was no direct appeal; but the appellant has fully exhausted his available state post-conviction remedies, in compliance with 28 U.S.C. § 2254.

 Appellant has contended, and testified at the hearing below, that he was not informed of his right to trial by jury nor of the maximum penalty for armed robbery prior to pleading guilty. The transcript shows that the trial judge did not specifically advise him thereof, although the judge carefully ascertained that the plea was voluntary and that there was a factual basis for it.

Appellant's former court-appointed counsel testified unequivocally that he fully advised appellant of all of his rights, and of the possible penalty for the offense. The district court accepted this testimony as true. There is more than ample basis in the record for this ruling and thus it is not clearly erro-neous. See Rule 52(a) F.R.Civ.P.; Caraway v. Beto, 5 Cir., 1970, 421 F.2d 636. The evidentiary hearing procedure followed below to develop the facts surrounding appellant's contention as to lack of advice conformed to that which we recently approved en banc in United States v. Woodall, 5 Cir., 1971, 438 F.2d 1317.

Affirmed.