**William Louis COURSEY, Petitioner-Appellant,**

v.

**Dr. George J. BETO, Respondent-Appellee.**

**No. 71–2850**
**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Feb. 14, 1972.

---

* ▪ Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

Company in Cleburne, Texas, opened the company safe and discovered that it had been cut into by an acetylene torch, but no money had been taken. Further investigation showed that entry into the building had been made through a skylight on the top of the building. Believing that the burglars would return, the Cleburne police decided to "stake out" the building the night after the burglary. Around midnight they apprehended Coursey and a companion on the roof of the building. Coursey was then arrested and taken to the police station, where he gave a written confession to the crime. At his trial on July 14, 1964, the confession was admitted in evidence without objection. Coursey now seeks to have his conviction set aside on grounds that the confession was inadmissible and obtained in violation of Escobedo v. Illinois, 1964, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977, and that his court-appointed trial counsel rendered ineffective representation by failing to object to the admission of the inculpatory statement.

In denying Coursey's petition for habeas corpus, the district court found that the appellant had been afforded a full and fair hearing during Texas post-conviction proceedings on these issues, and that the state court's conclusion that he was not entitled to relief was fully supported by the transcript of the hearing. At the evidentiary hearing in state court Coursey was represented by privately-retained counsel. His own testimony was the only evidence offered in support of his contention that the confession was obtained by physically coercive tactics after he had requested and had been denied his right to have an attorney present. To refute this allegation the state called four police officers as well as the county attorney, who were all present when the confession was given. Each stated that Coursey had been advised of his right to remain silent and each denied that Coursey had been coerced, mistreated or abused in any manner. The county attorney further testified that although it was not re-

William L. Coursey, pro se.

Crawford C. Martin, Atty. Gen. of Tex., Gilbert J. Pena, Asst. Atty. Gen., Nola White, First Asst. Atty. Gen., Alfred Walker, Executive Asst. Atty. Gen., Robert C. Flowers, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before WISDOM, GODBOLD and RONEY, Circuit Judges.

PER CURIAM:

Petitioner, William Louis Coursey, a prisoner of the State of Texas, appeals from the district court's denial of his application for habeas corpus. We affirm.

On the morning of May 4, 1964, a partner of the Brantley-Wyatt Motor

476

quired at that time, he had advised Coursey of his right to have counsel present, but that Coursey did not express a desire to see an attorney. The court-appointed trial attorney was also called by the state, and he stated that his client never gave him the slightest indication that the incriminating statement was coerced by threats or physical abuse.

■ On the basis of this evidence we cannot say that the district court was "clearly erroneous" in following the state court post-conviction holding 1) that the confession was not illegally-obtained; and 2) that Coursey's representation at his original trial was not ineffective simply because his lawyer failed to object to the introduction of a confession which was admissible under the applicable constitutional standards. Rule 52(a), F.R.Civ.P.; McCrary v. Wainwright, 5 Cir. 1971, 451 F.2d 360; Caraway v. Beto, 5 Cir. 1970, 421 F.2d 636.

The judgment appealed from is affirmed.