TO, Abel Acosta Clerk
Court of Criminal Appeal

RECEIVED IN
COURT OF CRIMINAL APPEALS
JUL 16 2015
Abel Acosta, Clerk

Dear Sir,
    Enclosed is my Memorandum of Law for my 11,07 Habeas Writ, TR, ct, NO. 1417384-A filed in The 183 District Court in Harris County Texas, Supporting my Claims in The Case,
    Please allow for the length of time its taken me to send it Due to illness and being sent to 5 diffrent TDC units since Jan 7 of 2015, and they iscolated me at The Telford unit Twice due to Suspected T.B. No Mail in or out! No law library NO Paper or Pen, No Nothing except Medical Testing.
    I just Received The States Original Anser which I will have to send additional Rebuttle in Response to The Trial Court 183rd. Cited Cases.

             Sincerely,
          William Byford Harrison

CAUSE NUMBER: 1417384 § 183RD DISTRICT COURT

§ OF

§ HARRIS COUNTY TEXAS

EX PARTE, §

WILLIAM BUFORD HARRISON § TEXAS COURT OF CRIMINAL APPEALS

§ AT

WRIT NO: 36,092-04 § AUSTIN TEXAS

## MEMORANDUM OF LAW

### TO THE HONORABLE JUDGES OF THE HONORABLE COURT:

COMES NOW WILLIAM BUFORD HARRISON APPLICANT and submits this (HIS) "MEMORANDUM OF LAW", In the above styled and Numbered Cause/Writ and before This Honorable Court.

Applicant HARRISON will show This Honorable Court as follows:

1.

Applicant HARRISON file this (His) HABEAS Writ Pursuant to the provisions of Vernon's Ann.Texas Code of Criminal Procedure. Chapter 11 Article 11.07.

2.

An Evidentiary hearing is warranted: Applicant HARRISON respectfully urges This HONORABLE TEXAS COURT OF CRIMINAL APPEALS to ORDER The 183RD DISTRICT COURT, OF HARRIS COUNTY, TEXAS to Conduct an Evidentiary Hearing in this CAUSE/WRIT (SEE: Article 11.07; That a complete record of the Evidentiary Hearing be made and Transmitted (SAME) to This HONORABLE TEXAS COURT OF CRIMINAL APPEALS.

### SUPPORTING ORIGINAL HABEAS WRIT NOW BEFORE THIS
### HONORABLE COURT:

### SPECIAL PLEADING

The "STATES ORIGINAL ANSWER" and the STATES proposed findings of fact conclusions of law and order, (and adopted by the trial COURT and before This HONORABLE COURT.) Is nothing more than a mere "STANDARD FORM" that is is used Daily by the HARRIS COUNTY DISTRICT ATTORNEY'S (OFFICE) in HABEAS WRITS and that fails to address the Applicant HARRISONS HABEAS WRIT.

Page 1 of 5

Applicant HARRISON is a Lay-Person and is unlettered in the study of the Law. Applicant HARRISON should not be held to the same Stringent Standard as that of an Educated Counsel, HAINS V. KERNER_____U.S._____(1972) Applicant HARRISON respectfully urges This HONORABLE COURT to construe This MEMORANDUM LIBERALLY and in The INTEREST OF JUSTICE. Id.

APPLICANT HARRISON SHOWS OPPOSITION AS FOLLOWS:

A.

Applicant cotends that the Fruit (and Namely HEROIN) seized during the search of applicant occurred without a WARRANT, an unreasonable search and seizure (Occurred) without a Warrant.

The FOURTH AMENDMENT protects against unreasonable search and seizures by government officials, U.S. CONST. AMEND IV; WIEDE V. STATE 214 S.W.3d 17.24 (TEX. CRIM APP. 2007)_____An alleged FOURTH AMENDMENT Violation, The applicant bears the Initial burden of producing evidence that rebuts the Presumption of proper Police Conduct. AMADOR V. STATE 221 S.W.3d 666.672 (TEX CRIM APP 2007) SEE YOUNG V. STATE 283 S.W. 3rd 854.872 TEX.CRIM.APP.) cert. DENIED 558 U.S. 1093, 130 S.Ct. 1015, 175 LED.2d 622 (2009). An applicant satisfies this burden by establishing that a search or seizure occurred without a warrant. AMADOR V. STATE 211 S.W.3rd at 672 once the applicant has made this showing, the burden of proof shifts to the STATE, which is then required to establish that the search or seizure was conducted pursuant to a warrant or was reasonable, ID. at 672-73; TORRES V. STATE 182 S.W.3rd 899.902 (TEX.CRIM.APP. 2005); FORD V. STATE 158 S.W.3d 488.492 (TEX.CRIM.APP. 2005) an INVESTIGATIVE DETENTION must be temporary and the questioning must last no longer than is necessary to Effectuate the purpose of the stop. FLORIDA V. ROYER 460 U.S. 491.500 103 S.Ct. 1319, 1325 75 LED.2d 229 (1983); BALENTINE V. STATE 71 S.W.3d 763, 770-71 (TEX.CRIM.APP. 2002); DAVIS V. STATE 947 S.W.2d 240, 246 (TEX.CRIM.APP. 1997). Once an officer concludes the investigation of the conduct that initiated the stop. Once the reason for the stop may not be used as a FISHING EXPEDITION for "UNRELATED CRIMINAL ACTIVITY" Id. (947 S.W.2d) at 243 QUOTING OHIO V. ROBINETTE 519 U.S. 33.41,117 S.Ct. 417, 422, 136 L.Ed.2d 347 (1996) GINSBURG J. (ONCURRING).

\*                              \*                              \*

In the case of DAVID LEON RILEY V. CALIFORNIA U.S. 134 S.Ct. 2473 189 L.Ed.2d 430 (JUNE 25, 2014) THE UNITED STATES SUPREME COURT Held: That THE

WARRANTLESS, SEARCH OF THE CONTENTS OF DEFENDANT RILEY'S (CELL PHONE) CONSTITUTED AN ILLEGAL SEARCH AND SEIZURE OF DEFENDANT RILEY'S PROPERTY." A violation of DEFENDANT RILEY'S FOURTH AMENDMENT CONSTITUTIONAL RIGHTS to be free of Unwarranted search and seizure, Id. for further discussion and a broader scope to the ruling of the Court, SEE also, Summary of Facts attached to this PLEADING, the events that are BEFORE and AFTER the SEACH And SEIZURE By H.P.D. OFFICER D.G. DAVIS OF DEDFENDANT HARRISON'S (CELL•PHONE).

At this point of discussion in this PLEADING, the question now is: AFTER THE REASON FOR THE STOP HAD BEEN SATISFIED, "WAS THE WARRANTLESS AND NON•CONSENT SEARCH AND SEIZURE THEREAFTER OF DEFENDANT HARRISON'S CELL•PHONE (THAT PRODUCED THE PATH TO THE 'FRUIT OF THE OFFENSE' THE FACTS AND INFORMATION DISCOVERED THAT FORM THE BASIS FOR ADDITIONAL DETENTION AND ADDITIONAL SEARCH AND SEIZURE OF DEFENDANT HARRISON'S PERSON AND PROPERTY). A VIOLATION OF DEFENDANT HARRISON'S FOURTH AMENDMENT RIGHT TO BE FREE OF UNWARRANTED SEARCH AND SEIZURE?" Id. DEFENDANT HARRISON RELIES ON "RILEY" SUPRA IN HIS POSITION TAKEN) and taken even further: "DID OFFICER DAVIS USE THE STOP (AND ONCE, THE REASON FOR THE STOP HAD BEEN SATISFIED WAS A FISHING EXPEDITION FOR UNRELATED CRIMINAL ACTIVITY ACTUALLY USED WHEN H.P.D. OFFICER WENT THROUGH THE TEXT ON HARRISON'S CELL•PHONE? WE RELIGH ON DAVIS SUPRA AT 243 (QUOTING OHIO V. ROBINETTE SUPRA).

Additional facts and information discoverd by an officer during A Lawful Detention may form the basis for A reasonable suspicion that another offense has been or is being committed, U.S. CONST. AMEND. IV RICHARDSON V. STATE 399 S.W.3d 697 TEX.APP. FORT WORTH 2013 TO THE CONTRARY, and as in this case (.....CONCLUDES THE INVESTIGATION OF THE CONDUCT THAT INITIATED THE STOP...) A fishing expedition? ONCE THE REASON FOR THE STOP HAS BEEN SATISFIED (...." A FISHING EXPEDITION FOR UNRELATED CRIMINAL ACTIVITY" OCCURRED) OFFICER DAVIS SEARCH OF DEFENDANT HARRISON'S CELL•PHONE (A SMART PHONE) AND THE SEIZURE Of HEROIN from Defendant HARRISON'S person thereafter occurred without A WARRANT. The search and seizure in this case was without A Warrant and violative of Defendant HARRISON'S FOURTH AMENDMENT'S PROTECTION AGAINST UNWARRANTED SEARCH AND SEIZURE. A Defendant satisfies this burden of producing Evidence that rebuts the presumption of Proper Police Conduct by establishing that, A SEARCH AND SEIZURE OCCURRED WITHOUT A WARRANT. Id U.S. CONST. AMEND.IV Applicant HARRISON CITES 134 S.Ct. 2473 189 L.Ed.2d 430 (June 25, 2014) SUPREME COURT OF THE UNITED STATES, DAVID LEON RILEY, PETITIONER V. CALIFORNIA UNITED STATES, PETITIONER V. BRIMA WURIE APPLICANT HARRISON, his ground one (1)

"DIGITAL DATA STORED ON CELL PHONES DOES NOT PRESENT EITHER CHIMEL RISK": (2) "A CONCLUSION THAT INSPECTING THE CONTENTS OF AN ARRESTEE'S POCKETS WORKS NO SUBSTANTIAL ADDITIONAL INTRUSION ON PRIVACY BEYOND THE ARREST ITSELF MAY MAKE SENSE AS APPLIED TO PHYSICAL ITEMS. But more substantial privacy interests are at stake when digital data is envolved. Interest in protecting officer's safety did not justify dispensing with warrant requirement for searchs of cell phones data: And interest in preventing destruction of evidence did not justify dispensing with warrant requirement for searches of cell phoness data. The search and the seizure of applicant HARRISON'S CELLULAR PHONE PHONE (A SMART PHONE) is in violation of Constitutional Laws and has tainted the evidence (HEROIN SEIZED) that is the basis of conviction in this cause. SEE: NOTICE OF SEIZURE INCIDENT NO. 017129114-R: Officer D.G. DAVIS of H.P.D. STATED, SEARCH INCIDENT ARREST," Officers recovered A quantity of METHADONE along with $708.60 in U.S. Currency from HARRISON'S PERSON Officer also reviewed HARRISON'S CELLULAR PHONE and observed numberous incoming NARCOTICS RELATED TEXT MESSAGES THAT INDICATE HARRISON IS CURRENTLY INVOLVED in the SALE/DISTRIBUTION OF ILLEGAL NARCOTICS."

Applicant HARRISON'S contends that the search of his Cellular Phone violated The FOURTH AMENDMENT because the search had been performed without A warrant and was not otherwise justified by exigent circumstances. The FOURTH AMENDMENT PROVIDES____

The right of the people to be secured in their Persons, Houses, Papers, and Effects, against Unreasonable Search And Seizures, shall not be violated and no warrants shall Issue, but upon Probable Cause, Supported By Oath or Affirmation, and particularly describing the place to be searched, and the Persons or Things to be Seized.

Applicant HARRISON cites SUPREME COURT OF THE UNITED STATES (MAY 16, 20110 131 S.Ct. 1849, 179 L.Ed.2d, 865, 79, USLW 4306 KENTUCKY, V. KING, ARREST Officers may seek Consent-Based encounters if they are Lawfully Present in the place where the Consensual Encounter Occurs; If consent is freely given, it makes no diffrence that an Officer may have approached the Person with the Hope or Expectation of obtaining Consent. Applicant HARRISON shows in Summary Of Facts that H.P.D. Police Officers put applicant HARRISON in Fear of Bodily Injury by engaging in Threatening Conduct, Badgering applicant HARRISON it is highly probable that any Confrontation with H.P.D. Police Officers, by NON Compliance could very well result in (ANY WHERE) From Minor to Serious Bodily Injury or even Death. These are True Realities in HOUSTON and probably

in many other large cities, and even through applicant Stated "NO"! "IF I'M NOT UNDER ARREST DON'T PUT YOUR HANDS ON ME", I DO NOT HAVE ANYTHING" And Contrary to INCIDENT NO. 017129114-R made applicant HARRISON remove wallet and film canister from Right Front Pants Pocketunder Duress (SEARCH INCIDENT TO ARREST).

Three (3) H.P.D. Officers had defendant HARRISON Surrounded at the back of his (2003 Chevorlet) Pick-up Truck ALL Three Officers were questioning HARRISON about his TRUCK (HARRISON ASSUMPTION) The One Officer was checking TAGS on HARRISON'S Truck for Warrants Etc.,and got A History of Criminal Back ground from running "Licence" , although HARRISON had only One misde-meanor on his Rcord since (1992). The Instant Offense took place on Feb.10th 2014, that is some 22 years from this point. OFFICER D.G. DAVIS took HARRISONS CELLULAR PHONE Right from the start. [When actual search insued] first they wanted everything out of Left Pants Pocket, which was about $300.00 Hundred Dollars and A (6-days) supply of METHADONE). As soon as H.P.D. Officers saw contents of Left Front Pants Pocket, they said "JACK-POT", However nothing was Illegal! NEXT;They made HARRISON Remove everything in Right Front Pocket, HARRISON complied...out comes car keys, Pocket Knife, Bilfold /Wallet, with Drivers license, Credit Card, Debt CARD, $400.00 Hundred Dollars, cash monies and A film canister Solid Black in color with A grey Top, Officer retrieved and opened it. From the on-set H.P.D. OFFICERS were in total control of HARRISON and the SEARCH.!

**GROUND TWO:**

.....FLAWED INDICTMENT BASED ON THE GRAND JURY SYSTEM'S (VIOLATIVE OF DUE PROCESS OF LAW) UNFAIRNESS.

**FACTS SUPPORTING GROUND TWO:**

Perhaps and stated another way, ENHANCEMENT PARAGRAPHS (Two alleged prior final felony convictions) PREJUDICED The GRAND JURY'S Hearing and "TRUE-BILL(INDICT-MENT) issued in this Cause. It is in PLAIN View That ENHANCEMENT PARAGRAPHS before the GRAND JURY'S Hearing are Prejudiced. Enhancement Paragraphs Prejudic-ed the Grand Jury's hearing and results in A flawed INDICTMENT for the follow-ing reasons: (1) and "SHOWS") A "CRIMINAL PICTURE" of Defendants LIFE STATUS: (2) (and "SHOWS") Defendant's to be A "CRIMINAL IN GENERAL" and (3) are mere unproven allegations of Defendants Criminal Status. It is beyond doubt that Defendant was denied the opportunity (DEFENDANT NOR DEFENDANTS ATTORNEY OF RECORD, are not and was not allowed to be present during the GRAND JURY'S HEARING and contrary to, the DISTRICT ATTORNEY being allowed to Present allega-tions of.......) To show objections to the Presentations (VIA way of A PRE-PREPARED INDICTMENT Presented to the Grand Jury's hearing by the DISTRICT ATTORNEY'S OFFICE) of the Enhancement Paragraphs at the (HEARING) before the Grand Jury. The Enhancement Paragraphs PREJUDICED the GRAND JURY'S hearing and in A "TRUE-BILL" (INDICTMENT) being issued. FLAWED INDICTMENT based on the Grand Jury system's (Violative of Due Process of Law)--UNFAIRNESS.

**A PRE-REFRENCE:**

Is it not A mockery of the (LAWS of) TEXAS JUDICIAL SYSTEM that The HARRIS COUNTY DISTRICT ATTORNEY (OFFICE) is continously making?

A CONSTITUTIONALLY QUESTIONABLE PRACTICE(S)?

Because the (Factual or/and Legal Basis) for the issue(s) Now raised by Appli-cant HARRISON only became made Public and became ( AWARE OF) avalable to Appli-cant HARRISON for presentation before the court's as A result of A HOST OF ARTICLES ON THE ISSUE(S) Published by the HOUSTON CHRONICE/NEWS PAPER) SEE ALSO: LISA (FALKENBERG@CHRON.COM) over the later part of 2014/or throughout 2014.

This Honorable Court may and should consider the merits of and grant relief based on this Original Application of HABEAS CORPUS Pursuant to TEX. CODE CRIM. PROC. ART. 11.07§3.

**GROUND THREE:**

..... FLAWED INDICTMENT BASED ON THE GRAND JURY SYATEM'S (VIOLATIVE OF DUE PROCESS OF LAW) UNFAIRNESS.

**FACTS SUPPORTING GROUND THREE:**

'Prosecutors' knowingly presenting false or Inadmissible Evidence (Violaing The BRADY RULE of DISCLOSING EXCULPATORY EVIDENCE•ETC.) to Grand Juries to get INDICTMENTS. Grand Juries are suppose to be According to TEXAS LAW "A BROAD CROSS•SECTION OF THE COMMUNITY," acting as A check against "OVER ZEALOUS POLICE And PROSECUTORS" not in HARRIS COUNTY! In practice, TEXAS Grand Juries do pretty much what ever PROSECUTORS ask them to do! The Grand Juries in HARRIS COUNTY, are A panel of COPS, (EX-COPS And RETIRED COPS) and PROSECUTORS (EX-PROSECUTORS And RETIRED PROSECUTORS) who have served many times before and it acts as A RUBBER STAMP. HARRIS COUNTY uses the "KEY•MAN" system (Has Been Dubbed PICK•A•PAL): Judges pick A couple of people to serve as 'COMMISSIONERS,' who then choose from A Pool of People who have VOLUNTEERED FOR GRAND JURY DUTY. Most people choosen to serve on GRAND JURIES COMMISSIONERS, are or was employed by the CRIMINAL JUSTICE SYSTEM. The people who end up serving are older, Whiter, Wealther and more Conservative then THE GENERAL POPULATION. A term last for three (3) months and Grand Juries meet twice A week. So Jurors are often RETIRES with free time. OVER ZEALOUS POLICE And PROSECTORS, GRAND JURIES do pretty much whatever prosectors ask ("COERCED And ENCOURAGED") them to do! ....FLAWED INDICTMENT BASED ON THE GRAND JURY SYSTEM'S (VIOLATIVE OF DUE PROCESS OF LAW) UNFAIRNESS.

"We just need to remove any perception that Politics, Favortism or Patronage plays A role in it." It's to important,' said WHITMIRE, who chairs the SENATE CRIMINAL JUSTICE COMMITTEE.

Its not A NOVEL CONCEPT. CONGRESS BANNED PICK-A-PAL in FEDERAL COURTS IN 1968. Every State except TEXAS has followed suit, with the limited exception of CALIFORNIA, which uses PICK-A-PAL only in smaller counties for HIGH PROFILE CASES. Whitmire says HE doesn't yet have REPUBLICAN SUPPORT for the Bill, but HE'S "GUARDEDLY OPTIMISTIC" it will win BIPARTISAN BACKING.

REPUBLICAN HARRIS COUNTY DISTRICT ATTORNEY DEVON ANDERSON, for one has said she'd switch to the RANDOM SYSTEM if she were still A JUDGE.

This issue isn't about Politics. Its about FAIRNESS, pretend that we're

talking about the Rights of Ordinary American Taxpayers. Imagine the I.R.S. Let A CITIZEN Panel decide who would be Audited, and the ruling party in WASHINGTON currently DEMOCRATES, kept stocking that panel with acorn activists, MSNBC STAFFERS and MICHAEL MOORE DEVOTEES.

Those accused of CRIMES in TEXAS face the same kind of BIAS., and A small group of BAD COPS and Unscrupulous PROSECUTORS enjoy A stacked deck.

Consider this: The Status Quo LED to HARRIS COUNTY GRAND JURORS clearing every single H.P.D. OFFICER accused in SHOOTINGS for nearly A Decade-288 of them in A row. JAMES PINKERTON reported last year.

PHILIP HILDER A Former FEDERAL PROSECUTOR for nearly seven (7) years states that Grand Juries in the FEDERAL SYSTEM are represented by A CROSS-SECTION of society as the Law Requires. He states HES seen everybody from construction workers to small business owners. He doesn't recall ever seeing A POLICE OFFICER. "I'm not saying the FEDERAL SYSTEM is perfect," HILDER said." But I do think its A vast Improvement to how the county operates.

TEXAS has its own examples, In BEXAR COUNTY JUDGES have been using the RANDOM SYSTEM for 15-20 years as the Law allows, according to long time Judge PAT PRIEST WHO NOW SERVES AS A visiting Judge Role, recalls that some Judges switched out of A sense of fairness: "It seemed like it would remove all questions about whether the GRAND JURY was Assembled Properly if we did it this other way."

Today, according to STATE DISTRICT JUDGE SID HARLE, BEXAR COUNTY JUDGES, are given A choice between RANDOM or PICK-A-PAL, also known as the COMMISSIONER SYSTEM everyone chooses RANDOM, HARLE says in part because its easier.

But in HARRIS COUNTY'S there are those that resist change. HARRIS COUNTY'S most Senior Felony Court JUDGE MICHAEL McSPADDEN was quoted in The Chronicle last year saying people chosen through RANDOM SELECTION may not be INTELLIGENT enough to serve on A GRAND JURY.

But the AMERICAN JUDICIAL SYSTEM DEPENDS ON THE COMMON SENSE OF REGULAR FOLKS.

"I.Q. doesn't Equate to common sense," says HILDER The Former FEDERAL PROSECUTOR." You have people of HIGH INTELLECT and they may have no common sense, and you have someone thats not Educated and they have alot of common sense, thats the beauty of the system."

I will not take up anymore of the Courts Time with this issue, as I'm sure THE COURTS OF CRIMINAL APPEALS Iis fully aware. It is my hope that I have not 'Bored' you or wasted your time... (REFERENCE-HOUSTONCHRONICLE.COM/FALKEN-BURGGRAND.)

**GROUND FOUR:**

INEFECTIVE ASSISTANCE OF COUNSEL (BEFORE, DURING, AFTER) TRIAL (PROCEEDINGS):

**FACTS SUPPORTING GROUND FOUR:**

It is Applicant's position that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms when counsel failed to object and follow through with objections: (1) Failed to Request PRE•TRIAL (MOTION) HEARING and Question (PRO-SE MOTION TO SUPPRESS) the validity of the Search and the thereafter Seizure of Applicants CELL PHONE: (2) Failed to object and follow through with objections to the INDICTMENT Issued by the Grand Jury• ALLEGED ENHANCEMENT PARAGRAPHS in the Pre-PREPARED INDICTMENT before the Grand Jury's Hearing prejudiced the GRAND JURY: And (3) The TEXAS SYSTEM, although CONSTITUTIONAL, the Grand Jury formation is highly Subjective and Susceptible of abuse (VIOLATIVE OF DUE PROCESS OF LAW) As applied;

The "KEY•MAN" (DUBBED PICK•A•PAL) System prejudiced the Grand Jury's Hearing. There is A reasonable probability that but for counsel's errors as stated above the result of this (BEFORE, DURING, AFTER) Trial (PROCEEDINGS) would be differant. The Applicant has been DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL BEFORE, DURING, AFTER TRIAL (PROCEEDINGS).

### (D) INEFFECTIVE-ASSISTANCE

To be entitled to A New Trial based on an INEFFECTIVE ASSISTANCE OF COUNSEL Claim, A (DEFENDANT) must show by A perponderance of the evidence that counsel's performance was deficient and that the deficientcy prejudiced the defense. STRICKLAND V. WASHINGTON 466 U.S. 688, 104 S.Ct. 2052-80 L.Ed.2d 674 (1984) EX PARTE LANE, 303 S.W.3d 702 (TEX. CRIM. APP. 209).

The first prong requires the (DEFENDANT) to show COUNSELS PERFORMANCE fell below an objective standard of Reasonableness under prevailing professional norms. STRICKLAND 466 U.S. at 687-88 104 S.Ct. 2052: LANE 303 S.W.3d at 707.

### APPLICANT HARRISON ALLEGES (IN PARTICULAR) THAT
### COUNSEL WAS <u>INEFFECTIVE</u> FOR:

(1) Failed to Prepare for Trial;

(2) Failed to Interview Witness;

(3) Failed to file even one Pre-Trial Motion;

(4) Failed to ask for an Evidenceuary Hearing;

(5) Did not have the Drug (HEROIN) Annelized and provide applicant with % report;

(6) Did not follow through with the chain of Coustody;

(7) And after applicant HARRISON filed Pro-Se motion to suppress evidence, the ATTORNEY DID NOT AND WOULD NOT REQUEST A PRE-TRIAL MOTION HEARING And QUES- TION (MOTION TO SUPPRESS) THE VALIDITY OF THE SEARCH And THEREAFTER SEIZURE OF APPLICANTS CELLULAR PHONE, A (SMART PHONE).

Simpley just would not follow through with one single proceedure except flipp- ing through the court file. He took Seizure Report NOTICE OF SEIZURE, INDICTME- NT NO. 017129114-R Report from Applicant HARRISON to make copy and never Retur- ned it to Applicant HARRISON.

When Applicant HARRISON presented THE UNITED STATES S.Ct. case A unanomus decision with the whole court concurring on SUPREME COURT OF THE UNITED STATES JUNE 25, 2014 134 S.Ct. 2473 DAVID LEON RILEY, PETITIONER V. CALIFORNIA, UNITED STATES, PETITIONER V. BRIMA WURIE and told Attorney to 'Familurize' himself with the case, HE wanted Applicant HARRISON to give him the case. Applicant HARRISON would not Release case, and instead ATTORNEY KENNETH CAGER took PHOTO of case with HIS cell•phone, in the court holdover behind the (183rd) DISTRICT COURT IN HARRIS COUNTY.

ATTORNEY KENNETH CAGER told Applicant HARRISON that the state does not or can not identify person that made report of Applicant needing medical assis- tance, and stated they are going to have to dismiss the case without witness they did not have probable cause to even mess with you. Next ATTORNEY KENNETH CAGER said the state can not prosecute this case they went in your cell phone without A warrant. (HE) Attorney had state do A PSI for probation, when Appli- cant spoke with mom on phone, she would say they don't have A case-A probation for what?

According to APPLICANT HARRISONS mother she'd say (HE)'S (KENNETH CAGER'S) going to bring you home. APPLICANT HARRISON had to assume after some 9-10 months that Attorney said anything to apease APPLICANT HARRISON as long as Applicants mother kept on paying Attorney ($500.00) Dollars A month until the - fee of Six Thousand and Five Hundred Dollars ($6,500.00) was paid in full.

APPLICANT HARRISON CITE: COURT OF CRIMINAL APPEALS OF TEXAS, EN BANC EX PARTE HARVEY JOSEPH DUFFY JR.. NO.64863 OCT. 1, 1980 (CITE 607 S.W.2d 507) Defendant who was convicted of CAPITAL MURDER and Assessed the DEATH PENALTY FILED APPLICATION FOR WRIT OF HABEAS CORPUS. The 186th JUDICIAL DISTRICT COURT BEXAR COUNTY JAMES E. BARLOW J. DENIED RELIEF and Defendant filed Motion for Rehearing which was GRANTED. THE COURT OF CRIMINAL APPEALS CLINTON J. HELD

THAT DEFENDANT WAS DENIED EFFECTIVE ASSISTANCE OF TRIAL COUNSEL NECESSITATING THAT CONVICTION AND ASSESSMENT OF DEATH PENALTY BE SET ASIDE.

The Second Prong:

(2) Failure to object to the validity of the INDICTMENT issued by THE HARRIS COUNTY GRAND JURY for said Reasons:

(A) Two enhancement Paragraphs of pre-pared INDICTMENT that prejudiced the GRAND JURRY'S HEARING:

(B) Two enhancement Paragraphs of the pre-pared INDICTMENT were mere unproven Allegations that prejudiced the GRAND JURY'S HEARING and A Violation of DUE PROCESS OF LAW;

(C) Two enhancement Paragraphs of A pre-pared INDICTMENT before the GRAND JURY'S HEARING were (PERVASIVE AND INFLAMMATORY) PREJUDICED. APPLICANT HARRISON farther says that COUNSEL was INEFFECTIVE for failure to INVESTIgate and OBJECT to the HARRIS COUNTY GRAND JURY based on the TEXAS SYSTEM GRAND JURY IS:

(D) A FLAWED INDICTMENT and that THE "KEY-MAN" SYSTEM DUBBED ("PICK•A•PAL") Is "HIGHLY SUBJECTIVE" and SUBSECPTABLE of Abuse Applied and;

(E) A FLAWED INDICTMENT issued by A GRAND JURY under the ("KEY•MAN") SYSTEM overzealous Prosecutors:Judges appointing Law Enforcement friendly people to ACT AS COMMISSIONERS: COMMISSIONERS FILLING GRAND JURIES WITH COUNTRY CLUB PALS.

Active duty Cops and Ex-Cops, active Prosecutors and Ex-Prosecutors and mostly WHITE ELITES is Prejudiced, and Violative of DUE PROCESS.

Applicant HARRISON Relies on COURT OF CRIMINAL APPEALS OF TEXAS, EN BANC. EX PARTE HARVEY JOSEPH DUFFY JR. NO. 64863 OCT. 1, 1980 (CITE: as 607 S.W.2d 507) [5] CRIMINAL LAW 110 KEY 1891 K Preparation for trial most cited cases (Formally 110K 641.13(1) Trial Counsel in A Criminal preosecution is charged with making INDEPENDENT INVESTIGATION OF FACTS OF CASE ESCHEWING WHOLESALE RELIANCE INVERSITY OF HIS CLIENTS VERSION OF THE FACTS.

I cites-110K 1923 K INVESTIGATING, LOCATING, AND INTERVIEWING WITNESSES. (FORMALLY 110K 642.13(6) TRIAL COUNSEL IN CRIMINAL PROSECUTION HAS RESPONSIBILITY TO SEEK OUT AND INTERVIEW POTENTIAL WITNESSES AND FAILURE TO DO SO IS TO BE INEFFECTIVE , IF NOT INCOMPETENT WHERE CONSEQUENCE IS THAT ONLY VIABLE DEFENSE ALTERNATIVE TO ACCUSED IS NOT ADVANCED, U.S.C.A. CONST. AMEND.6, APPLICANT HARRISON ALLEGES ATTORNEY KENNETH DAVID CAGER never did talk to Witnesses (PERSON WHO NOTIFIED POLICE OF APPLICANT HARRISON SUPOSEDLY NEEDING ASSISTANCE),

AND APPLICANT HARRISON CONTENDS THAT HE WAS NOT IN NEED OF ASSISTANCE. APPLICant (CITES AS 607 S.W.2d 507) CRIMINAL LAW 110 K 1942 DEFENSE COUNSEL, AN ATTORNEY HAS THE PROFESSIONAL DUTY TO PRESENT ALL AVAILABLE EVIDENCE AND ARGUMENTS IN CRIMINAL PROSECUTION TO SUPPORT DEFENSE OF HIS CLIENT U.S.C.A. CONST. AMENDS. 6, 14: VERNON'S ANN.ST. CONST. ART. 1 § 10. APPLICANT HARRISON (CITES AS 607 S.W.2d 507 ATTORNEY @ LAW KENNETH DAVID CAGER NEVER FILED ONE PRE-TRIAL MOTION NOT EVEN A DISCOVERY MOTION. ATTORNEY STATED TO DEFENDANT HARRISON THAT, THE STATE WILL PROVIDE WHATEVER EVIDENCE I ASK FOR. APPLICANT HARRISON (PRESENTED HIS PRO-SE MOTION TO SUPRESS EVIDENCE FILED WITH HARRIS COUNTY DISTRICT CLERK CHRIS DANIEL, BECAUSE ATTORNEY NEVER DID ANY WORK HE NEVER GOT APPLICANT HARRISON A PROBABLE CAUSE HEARING "INFACT" APPLICANT HARRISON NEVER ENTERED A COURT ROOM UNTIL AFTER APPLICANT HARRISON WROTE THE JUDGE IN THE DISTRICT COURT OF 183rd A LETTER DATED SOME FEW DAYS AFTER 10-14-14,Applicant was set for court on 10-1-14 Attorney did not show, Applicant was reset on 10-7-14 APPLICANT HARRISON'S ATTORNEY KENNETH D. CAGER did not show up.

APPLICANT HARRISON was reset for 10-14-14 again Attorney did not show APPLICANT HARRISON was use to calling his mother and telling her to be sure and call ATTORNEY KENNETH CAGER and tell him to be at court on what ever date Applicant was set for., and even on the times he showed for court he was always 2 to 3 hours late and run back to the court hold oever with A reset form and give APPLICANT HARRISON some excuse....

So Applicant wrote the JUDGE a letter concerning the whole situation. THE JUDGE, THE HONORABLE VENESSA VALASQUEZ was aware of what was transacting in her court room. The letter was ment as A check to see if ATTORNEY @ LAW KENNETH CAGER was actually doing anything besides telling Applicant con't worry I got your back' APPLICANT HARRISON was set for court on 11-19-14. APPLICANT HARRISON filed his Pro-Se Motion to supress the evidence two weeks prior to that date. Right after Applicant had written the Judge, the only time DEFENDANT HARRISON ever intered A court room was on 11-19-14, the court was empty except for court personal. What was stated to DEFENDANT HARRISON was he was NOT ELLIGIBLE FOR A DRUG PROGRAM, and THE HONORABLE JUDGE OFFERED DEFENDANT HARRISON (25) years. ATTORNEY and APPLICANT HARRISON sat down to confer with one another in the court room, DEFENDANT HARRISON told ATTORNEY @ LAW KENNETH CAGER that (25 years) was out of the question and to set case for trial. Attorney said that to go to trial, did not look good, and DEFENDANT HARRISON and ATTORNEY went back and forth in conversation aboout case DEFFENDANT HARRISON talked about SEARCH INCIDENT TO ARREST and about the RILEY CASE

and how the H.P.D. Violated his FOURTH AMENDMENT by going through the DATA on DEFENDANTS SMART PHONE. ATTORNEY KENNETH CAGER said they (H.P.D.) are going to say they found the DOPE FIRST, at that point APPLICANT HARRISON knew Attorney had not even looked at THE SUPREME COURT DECISION IN DAVID LEON RILEY V. CALIFORNIA.

Attorney wanted to plead the case, APPLICANT HARRISON was Beat and Subsiquently did plead for (15) years after realizing, ATTORNEY @ LAW, KENNETH CAGER had no intentions of doing any work required by an Attorney, every DEFENSE DEFENDANT HARRISON expounded upon, ATTORNEY @ LAW KENNETH DAVID CAGER would shoot holes through. Applicant's mother who was on A fixed income could not afford to pay one more penny, is it not a TRAVISITY OF JUSTICE the way the Court's are set up, to beat A DEFENDANT down        PSYCHOLOGICALLY and EXTRACT A PLEA, and tell DEFENDANT he got a good deal? The Attorney's are so use to pleading a Defendant out, that A big portion of them have become ACCUSSTOM to living off the system without ever having to actually DEFEND A client that paid for A Defense in open court. APPLICANT HARRISON (CITES AS: 607 S.W.2d 507) page 9 [3] as the court noted in EX PARTE GROVES, SUPRA, SUCH JUDICIALLY IMPOSED RESTRICTIONS "ARE NOT ABSOLUTE" AND HABEAS CORPUS IS IN THE PROPER FORUM FOR ONE UNLAWFULLY RESTRAINED OF HIS LIBERTY WHO IS WITHOUT AN ADEQUATE REMEDY AT LAW APPLICANT HARRISON (CITES: LAWSON V. STATE, 467 S.W.2d 486 (TEXA. AS, CR. APP. !(&!) and Continuing to EX PARTE EWING 570 S.W.2d 941 (TEX. CR. APP. 1978) The court looked for willfull misconduct by retained counsel without the knowledge of the client that amounts to A BREACH OF THE LEGAL DUTY OF AN ATTORNEY [FN 11] SEE: E.G., HOWELLY V. STATE 563 S.W.2d 933-937 (TEX. CR. APP. 1978) * 514 HARRISON V. STATE 552 S.W.2d 151, 152 (TEX.CR. APP. 1977) [FN 12] HUNNICUTT V. STATE 531 S.W.2d 618-626 (TEX. CR. APP. 1976) : (CITE AS 607 S.W.2d 507) TO RECAPITULATE AFTER EX PARTE EWING, SUPRA, THREE SEPERATE SOURCES OF EFFECTIVE ASSISTANCE OF TRIAL COUNSEL HAD BEEN DISCOVERED. *ONE, DUE PROCESSS CLAUSE OF THE FOURTEENTH AMEN-DMENT, UNADULTERATED, REQUIRES REPRESENTATION THAT ATTAINS THE LEVEL OF FUND-DAMENTAL FAIRNESS FROM BOTH APPOINTED AND RETAINED COUNSEL. *TWO, THE SIXTH AMENDMENT INCORPORATED INTO THE FOURTEENTH AMENDMENT DEMANDS "REASONABAL-LY EFFECTIVE ASSISTANCE" FROM APPOINTED COUNSEL AND FROM RETAINED COUNSEL WHEN REQUISITE STATE ACTION OBTAINS [FN 14].

[FN 14] Fully states, THE TEST FOR EFFECTIVE COUNSEL IS "COUNSEL REASONABA-LLY LIKELY TO RENDER AND RENDERING REASONABALLY EFFECTIVE ASSISTANCE" Mc KENNA V. ELLIS, 280 f.2d 592 (5 CIR. 1961) as Quoted approvingly by the court

in in CARAWAY V. STATE 417 S.W.2d 159, 162 (TEX.CR. APP. 1967).

\* Three, A LEGAL DUTY AN ATTORNEY OWES TO HIS CLIENT IS NOT TO BE BREACHED BY RETAINED COUNSEL NOR, FOR THAT MATTER, AN APPOINTED COUNSEL. APPLICANT HARRISON CITES: CUYLER V. SULLIVAN, SUPRA, PUT AN END TO THE "DOUBLE STANDARD" EMANTING FROM THE RETAINED-APPOINTED DICHOTOMY, AS STATED BY MR. JUSTICE POWELL THE RATIONALE IS VIZ; SEE Id. AT _U.S._ 100 S.Ct. AT 1716, CITED FROM (607 S.W.2d 507).

APPLICANT HARRISON (CITES 607 S.W.2d 507) \* 515, WE MAY ASSUME WITH CONFI-DENCE THAT MOST COUNSEL WHETHER RETAINED OR APPOINTED WILL PROTECT THE RIGHTS OF AN ACCUSED, BUT EXPERIENCE TEACHES THAT, IN SOME CASES, RETAINED COUNSEL WILL NOT PROVIDE ADEQUATE REPRESENTATION. \*516 APPLICANT HARRISON CITES CUYER V. SULLIVAN SUPRA: THE VITAL GUARANTEE OF THE SIXTH AMENDMENT WOULD STAND FOR LITTLE IF THE OFTEN UNINFORMED DECISION TO RETAIN A PARTICULAR LAWYER COULD REDUCE OR FORFEIT THE DEFENDANT'S ENTITLMENT, TO CONSTITUTIONAL PROTECT-ION.

APPLICANT HARRISON (CITES AS: 607 S.W.2d 507) [4] EX PARTE EWING, SUPRA IS BARELY TWO YEARS OLD AND CUYLER V. SULLIVAN SUPRA, NOT EVEN A TODDLER. UNTIL FURTHER EXPERIENCE TEACHES OTHERWISE WE WILL APPLY HERE AND CONTINUE TO USE THE STANDARD OF "REASONABALLY EFFECTIVE ASSISTANCE OF COUNSEL," TO TEST ADEQUACY OF REPRESENTATION AFFORDED AN ACCUSED BY RETAINED AS WELL AS APPOINTED COUNSEL WHEN THE PERFORMANCE IS TO BE JUDGED BY THE SIXTH AMENDMENT RIGHT TO ASSISTANCE OF COUNSEL MADE APPLICABLE TO THE STATES BY THE FOURTEENTH AMENDMENT-ALSO BY OUR OWN "RIGHT TO BE HEARD" PROVISION OF ARTICLE 1 SECTION 10, BILL OF RIGHTS, CONSTITUTION OF TEXAS [FN 17].

[FN 17], THE "REASONABLE COMPETENCE" TEST PROPOSED BY OUR BROTHER ROBERTS LACKS APPEAL AT THIS TIME FOR THE LANGUAGE OF THE SUPREME COURT WAS SPOKEN IN A CONTEXT OF ADVICE OF COUNSEL THAT HIS CLIENT ENTER A GUILITY PLEA. OUR CONCERN HERE IS WITH A BROADER COURSE OF CONDUCT THAN COUNSELING A PLEA: WE MUST JUDGE A FULL SCOPE OF ASSISTANCE-REPRESENTATION, PERFORMANCE, DELIVERY FOR EFFECTIVENESS RATHER THAN ADEQUACY OF ABILITY OR CAPACITY TO ADVISE. THE STANDARD WE RETAIN MANDATES AN EXAMINATION BOTH OF COMPETENCE, "LIKELY TO RENDER," AND OF ASSISTANCE, "AND RENDERING" IN DETERMINING EFFECTIVENESS OF COUNSEL.

A Criminal Defense Lawyer must have firm command of the facts of the case as well as Governing Law before he can Render Reasonabally effective assist-ance to his client-in or out of the court room FLORES V. STATE 576 S.W.2d 632, 634 (TEX. CR. APP. 1978); EX PARTE EWING, SUPRA AT 947; SEE ALSO HERRING

V. ESTELLE 491 F.2d 125, 128, (5 CIR.1974); CARAWAY V. BETO, 421 F.2d 636, 637 (5 CIR. 1970); WILLIAMS V. BETO 345 F.2d 698, 705, (5 CIR. 1965); In The-- Seminal Decision of POWELL V. ALABAMA 287 U.S.45, 53, S.Ct. 55, 77 L.Ed. 158 (1932), THE SUPREME COURT RECOGNIZED THAT A THROUGH FACTUAL INVESTIGATION IS THE FOUNDATION UPON WHICH EFFECTIVE ASSISTANCE OF COUNSEL IS BUILT.

SUMMARY EVENTS OF FACTS:

1. DEFENDANT HARRISON went to the METHADONE clinic located on main street (exact address unknown) apprpximately (150) feet south of WHEELER @ MAIN. DEFENDANT HARRISON was A METHADONE Patient and received his dosage of Methadone for that day and his LEGAL takeout issue of Methadone for the rest of the week, A six (6) day suppl, DEFENDANT HARRISON put all the Methadone in his Left Front Pants Pocket, which caused A BULGE in the left front pocket DEFENDANT HARRISON also had approximately three hundred dollars ($300.00) in small bills in the same Left Front Pants Pocket. The three hundred($300.00) dollars was A rent payment received from A Vietnam Vet. that is a PANHANDLER in A wheel chair. "BULGDE IN LEFT FRONT PANTS POCKET." DEFENDANT HARRISON also placed his bilfold (WALLET) in his Right Front Pants Pocket which also caused that pocket to BULGE as well. DEFENDANT HARRISON also had A Leather Jacket (COAT) on, inside the Coat Pocket DEFFENDANT HARRISON had his-- CELLUALR PHONE (A SMART PHONE)...

2. Leaving the clinic and returning to the parking lot located at the (800) BLOCK of RUTH, "IN MID-TOWN", HARRIS COUNTY, HOUSTON, TEXAS where DEFENDANT, HARRISON had his (TRUCK) parked. The driver of the Truck who drove DEFENDANT HARRISON to the Methadone clinic had left the Truck and DEFENDANT HARRISON'S Assumption was that the driver went to the store to get coffee. DEFENDANT HARRISON unlocked his Truck and took his BLOOD PRESURE MEDICATION and "STOOD OUTSIDE" the Truck drinking his coffe with the driver door open awaiting the drivers return after waiting about (20) minutes, driver still had not returned. DEFENDANT HARRISON had made the decision to lock his Truck and go across the street and take the rail at wheeler station, at that time, DEFENDANT leaned inside of Truck to gather a few belongings, hat, and teeth as DEFENDANT HARRISON did this;

3. An H.P.D. OFFICER stoped in the street and beeped his car horn at that time DEFENDANT stood erect, OFFICER said" ARE YOU OK?" DEFENDANT stated in the-- positive" YES SIR I'M FINE" at that time Officer pulled his car into parking lot behind DEFENDANT HARRISON'S 2003 CHEVROLET TRUCK, DEFENDANT had already locked drive door of Truck and placed keys in pocket and was at the back of Truck when H.P.D. OFFICER began questioning DEFENDANT HARRISON, H.P.D. OFFICER was formal and wanted to know if DEFENDANT HARRISON wanted medical assistance, "NO" was DEFENDANT HARRISON'S ANSWER, H.P.D. OFFICER was surely staling DEFENDANT HARRISON, questioning DEFENDANT HARRI-

SON with a barage of statements and questions, an investigation stop by the Officer, conclusion of the investigation stop by the Officer with DEFENDANT HARRISON'S answer in the positive "I'M O.K. AND FINE." I'm going to the wheeler station across the street.

4. A second. H.P.D. OFFICER D.G. DAVIS arrived shortly during and after the conclusion of the first Officer's investigation stop and began questioning DEFENDANT HARRISON AGAIN RE-STATED his reasons for being at the Truck in the parking lot. A Third (3rd) Officer also pulled in, DEFENDANT HARRI-SON now has three (3) H.P.D. UNITS there! Surrounded by H.P.D. OFFICERS DEFENDANT HARRISON stated "AM I UNDER ARREST?" "I've done nothing, I have no warrants, why are you detaining me" at that time a search of HARRISON'S PERSON ENSUED BY "ALL" THREE (3) H.P.D. OFFICERS DEMANDING,That he emty his pockets HARRISON had "NO CHOICE IN THE SEARCH"...And complied.

5. This second H.P.D. OFFICER was asking whats in your pockets, Officer's began to BADGER DEFENDANT about A Search, DEFENDANT HARRISON stated "IF I AM NOT UNDER ARREST"'"NO" "I DON'T HAVE ANYTHING". D.G. DAVIS Reached into DEFENDANT HARRISONS Pocket and Removed DEFENDANT HARRISONS CELLULAR PHONE, he took the SMART PHONE to his Patrol Car he returned about five minutes later, he had went through SMART PHONE DATA:

6. And stated "YOU HAVE OVER A HUNDRED TEXT MESSAGES FROM PEOPLE WANTING TO BUY MEDICINE FROM YOU!" He went "ALL" through DEFENDANT HARRISONS CELL-ULAR PHONE A SMART PHONE.

7. H.P.D. OFFICER THEN AND THEREAFTER Searched DEFENDANT HARRISON'S Pockets and Removed several "ITEMS" and including "CASH MONIES IN THE AMOUNT OF $708.60 SEE: CAUSE NO.2014-10003 STATE VS. APPROXIMATELY $708.60 RESPONDENT WILLIAM BUFORD HARRISON 11th JUDICIAL DISTRICT COURT, HARRIS COUNTY AND HEROIN allegely weighing more then (4) grams and less then (200) grams) The Search and Seizure of DEFENDANT HARRISON'S PERSON AND CELLULAR PHONE (A SMART PHONE) AND:

8. Thereafter and KAYLYNN WILLIFORD ASSISTANT HARRIS COUNTY DISTRICT ATTORNEY, was NOTIFIED of the SEARCH And SEIZURE conducted of the DEFENDANT HARRISONS person and Property approved and Authorized the SEIZURE CONDUCTED of MONIES and the HEROIN and AUTHORIZED the Arrest of the DEFNEDANT HARRISON.

DONE AND EXECUTED ON THIS __13__ DAY OF __July__ 2015 AND UNDER PENALTY OF PERJURY.

WILLIAM BUFORD HARRISON

Page 2 of 2

# NOTICE OF SEIZURE

## INCIDENT NO.      017129114-R

TO THE DISTRICT ATTORNEY OF HARRIS COUNTY:

The undersigned peace officer,     D.G. Davis                who is duly employed by the following Law enforcement agency,     Houston Police Department     , hereby notifies the Harris County District Attorney's Office that the below-listed property was seized on or about the 10th day of   February, 2014      by the   Houston Police Department

**APPROXIMATELY**

$708.60 in U.S. currency

The undersigned peace officer believes that the seized property constitutes the proceeds of a felony offense and is contraband, as defined by Chapter 59 of the Texas Code of Criminal Procedure, based upon the following information, obtained in conjunction with his own investigation:

Officer obtained the following information from the above listed incident report: Officer received information that a male was hanging out of the driver's door of a vehicle that was parked in the 800 block of Ruth, Harris County, Texas. Officer proceeded to the listed location and observed William Buford Harrison, who was unresponsive, hanging out of the driver's door of a 2003 Chevrolet truck. Officer awoke Harrison and noted bulges in both of his pants pockets. When asked for permission to search his pockets, Harrison advised officer that he didn't have anything. Officer then observed Harrison retrieve a film canister that contained a plastic bag from his front right pants pocket. Officer knows that narcotics traffickers will often use a film canister to store illegal narcotics for sale/distribution. At this time officer removed the plastic bag from the film canister and found it to contain a black rock substance. Harrison, who admitted that the black rock substance was heroin, was charged with Possession Controlled Substance (approximately 10.5 grams of heroin). Search incident to arrest, officers recovered a quantity of methadone along with $708.60 in U.S. currency from Harrison's person. Officer also reviewed Harrison's cellular phone and observed numerous incoming narcotics related text messages that indicate Harrison is currently involved in the sale/distribution of illegal narcotics. Harrison's criminal history includes previous convictions for Dangerous Drugs and Distribution of Heroin. A narcotics canine check of the currency resulted in an alert for the odor of narcotics. Officer believes the currency seized is proceeds gained from illegal activity and/or intended to be used for illegal activity and is contraband subject to forfeiture.

_____
**Peace Officer's Signature**

SWORN TO AND SUBSCRIBED   before me on this the ___ day of February, 2014

_____
**Notary Public in and for Harris County, Texas**

Carol L. Neff
Notary Public
State of Texas
My commission Expires
06/09/2014

Page 1-1

Certified Document Number: 59805646 - Page 3 of 3

MR. WILLIAM BUFFORD HARRISON

TDCJ# 1969618, MICHAEL UNIT

2664 FM 2054

TENNESSEE COLONY, TEXAS 75886

HONORABLE CLERK OF THE COURT
OFFICE OF THE CLERK
TEXAS COURT OF CRIMINAL APPEALS

    **RE: EX PARTE WILLIAM BUFFORD HARRISON**
    WRIT NO. WR-36,092-04
    TR. CT. NO. 1417384-A
    CAUSE NO. 1417384-A (HABEAS WRIT)

DEAR HONORABLE CLERK OF THE COURT

THE ABOVE-NOTED ACTION HAVING BEEN TRANSMITTED FOR FILE/DOCKET

FOR A DISPOSITION; THE ENCLOSED MEMORANDUM IN THIS HABEAS WRIT/

FILED BEFORE THE COURT FOR DISPOSITION.

    THANK-YOU FOR YOUR TIME IN THIS MATTER. EXECUTED ON THIS

13 DAY OF July , 2015.

                            RESPECTFULLY,

                            *William Bufford Harrison*

                            WILLIAM BUFFORD HARRISON

STATE OF TEXAS

COUNTY OF ANDERSON

I, WILLIAM BUFFORD HARRISON, TDCJ#1969618, BEING PRESENTLY INCARCERATED IN THE TEXAS DEPARTMENT OF CRIMMINAL JUSTICE IN THE MICHAEL UNIT, IN ANDERSON COUNTY, TEXAS, DO DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENT/ ETC. IS TRUE AND CORRECT.

DONE AND EXECUTED ON THIS THE 13 DAY OF JULY 2015.

*William Buford Harrison*

WILLIAM BUFFORD HARRISON

## CERTIFICATE OF SERVICE

WILLIAM BUFFORD HARRISON, Applicant and Certifies that I have served a copy of this (My)"Memorandum of Law"in Cause No. 1417384-A to the State on this

The 13 Day of JULY 2015

By Mail as follows:
Mr. Abel Acosta, Clerk
Court of Criminal Appeals of Texas
P.O. Box 12308 Capitol Station
Austin, Texas 78711

WILLIAM BUFFORD HARRISON

CERTIFICATE OF COMPLIANCE AS REQUIRED
BY TEX. R. APP. PROC. 73.1(F)

WILLIAM BUFFORD HARRISON, APPLICANT AND IN PRO SE BEFORE THIS HONORABLE COURT FILES THIS (HIS) "CERTIFICATE OF COMPLIANCE" IN THE ABOVE-CAPTIONED CAUSE/WRIT PURSUANT TO THE TEXAS CODE OF CRIMINAL PROCEDURE, CHAPTER 11 ARTICLE 11.07, §3. THE APPLICANT HARRISON, CERTIFIES THAT THE NUMBER OF WORDS IN THIS (HIS) "MEMORANDUM OF LAW" IS APPROXIMATELY _____

DONE AND EXECUTED ON THIS THE 13 DAY OF July ,2015.

_William Bufford Harrison_
WILLIAM BUFFORD HARRISON

LESS NUMBER OF WORDS IN THE "CERTIFICATE OF SERVICE" AND THE "CERTIFICATE OF COMPLIANCE".